**B22C (Official Form 22C) (Chapter 13) (12/10)**

In re: **Pandya, Upen A. & Pandya, Madhuri U.**
<br>Debtor(s)

Case Number: _____
<br>(If known)

According to the calculations required by this statement:

☐ **The applicable commitment period is 3 years.**
☑ **The applicable commitment period is 5 years.**
☑ **Disposable income is determined under § 1325(b)(3).**
☐ **Disposable income is not determined under § 1325(b)(3).**

(Check the boxes as directed in Lines 17 and 23 of this statement.)

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☑ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | **Column A<br>Debtor's<br>Income** | **Column B<br>Spouse's<br>Income** |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | $ 4,200.63 | $ 3,129.75 |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | |
| | a. | Gross receipts | $ | |
| | b. | Ordinary and necessary operating expenses | $ | |
| | c. | Business income | Subtract Line b from Line a | $ | $ |
| 4 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | | |
| | a. | Gross receipts | $ | |
| | b. | Ordinary and necessary operating expenses | $ | |
| | c. | Rent and other real property income | Subtract Line b from Line a | $ | $ |
| 5 | **Interest, dividends, and royalties.** | | $ | $ |
| 6 | **Pension and retirement income.** | | $ | $ |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | | $ | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | | |
|---|---|---|---|
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act     Debtor $ _____    Spouse $ _____ | $ | $ |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a.    $ <br>b.    $ | $ | $ |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $    **4,200.63** | $    **3,129.75** |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $    **7,330.38** |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | | |
|---|---|---|---|
| 12 | Enter the amount from Line 11. | $ | **7,330.38** |
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply,  enter zero.<br><br>a.    $ <br>b.    $ <br>c.    $ <br><br>Total and enter on Line 13. | $ | **0.00** |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ | **7,330.38** |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ | **87,964.56** |
| 16 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: **Pennsylvania**      b. Enter debtor's household size: **4** | $ | **79,102.00** |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period  is 3 years"  at the top of page 1 of this statement and continue with this statement.<br><br>☑ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period  is 5 years" at the top of page 1 of this statement and continue with this statement. | | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| | | | |
|---|---|---|---|
| 18 | Enter the amount from Line 11. | $ | 7,330.38 |
| 19 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | |

| | | |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |

| | | | |
|---|---|---|---|
| | Total and enter on Line 19. | $ | 0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ | 7,330.38 |
| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | 87,964.56 |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | 79,102.00 |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br>☑ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | | |

| | |
|---|---|
| | **Part IV. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)** |

| | |
|---|---|
| | **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** |

| | | | |
|---|---|---|---|
| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ | 1,450.00 |
| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | | |

| | Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|---|
| | a1. | Allowance per person | 60.00 | a2. | Allowance per person | 144.00 |
| | b1. | Number of persons | 4 | b2. | Number of persons | 0 |
| | c1. | Subtotal | 240.00 | c2. | Subtotal | 0.00 |

| | |
|---|---|
| $ | 240.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | |
|---|---|---|
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ 588.00 |

| | |
|---|---|
| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** |

| | | |
|---|---|---|
| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ 1,386.00 |
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ 1,942.03 |
| c. | Net mortgage/rental expense | Subtract Line b from Line a |

$

| | | |
|---|---|---|
| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| | | |
|---|---|---|
| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. <br><br> Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. <br><br> ☐ 0    ☐ 1    ☑ 2 or more. <br><br> If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 556.00 |

| | | |
|---|---|---|
| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | | |
|---|---|---|---|
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1 ☑ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | | $ 303.98 |

| | | | |
|---|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ | 517.00 |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ | 213.02 |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a | |

| | | | |
|---|---|---|---|
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | | $ 321.18 |

| | | | |
|---|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ | 517.00 |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ | 195.82 |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a | |

| | | |
|---|---|---|
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ 499.98 |
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ 505.09 |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 49.** | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ | **4,464.23** |

| | **Subpart B: Additional Expense Deductions under § 707(b)**<br>Note: Do not include any expenses that you have listed in Lines 24-37 | | |

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. |  |  |
| | a. Health Insurance — $ 63.01 |  |  |
| | b. Disability Insurance — $ 75.01 |  |  |
| | c. Health Savings Account — $ |  |  |
| | Total and enter on Line 39 | $ | **138.02** |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br><br>$ _____ |  |  |

| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ | |

| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | |

| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | |

| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | |

| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | **50.45** |

| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ | |

| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ | **188.47** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | **Subpart C: Deductions for Debt Payment** |
|---|---|

<table>
<tr><td rowspan="2">47</td><td colspan="2"><b>Future payments on secured claims.</b> For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47.</td><td></td></tr>
<tr><td colspan="2">

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | **Bank Of America** | **Residence** | $ 1,942.03 | ☑ yes ☐ no |
| b. | **PSECU** | **Automobile (1)** | $ 213.02 | ☐ yes ☑ no |
| c. | **PSECU** | **Automobile (2)** | $ 195.82 | ☐ yes ☑ no |
| | | | Total: Add lines a, b and c. | |

</td><td>$ 2,350.87</td></tr>
</table>

<table>
<tr><td rowspan="2">48</td><td colspan="2"><b>Other payments on secured claims.</b> If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page.</td><td></td></tr>
<tr><td colspan="2">

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | **Bank Of America** | **Residence** | $ 150.00 |
| b. | | | $ |
| c. | | | $ |
| | | Total: Add lines a, b and c. | |

</td><td>$ 150.00</td></tr>
</table>

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ |
|---|---|---|

<table>
<tr><td rowspan="4">50</td><td colspan="2"><b>Chapter 13 administrative expenses.</b> Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense.</td><td></td></tr>
<tr><td>a.</td><td>Projected average monthly Chapter 13 plan payment.</td><td>$</td></tr>
<tr><td>b.</td><td>Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)</td><td>X</td></tr>
<tr><td>c.</td><td>Average monthly administrative expense of Chapter 13 case</td><td>Total: Multiply Lines a and b</td></tr>
<tr><td colspan="3" style="text-align:right">$</td></tr>
</table>

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ 2,500.87 |
|---|---|---|

| | **Subpart D: Total Deductions from Income** |
|---|---|

| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ 7,153.57 |
|---|---|---|

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| | | | |
|---|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ | **7,330.38** |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ | |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ | **108.33** |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ | **7,153.57** |

| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable. |
|---|---|

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b, and c | $ |

| | | | |
|---|---|---|---|
| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ | **7,261.90** |
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ | **68.48** |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b and c | $ |

## Part VII. VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: **May 9, 2012**  Signature: */s/ Upen A. Pandya*<br>(Debtor)<br><br>Date: **May 9, 2012**  Signature: */s/ Madhuri U. Pandya*<br>(Joint Debtor, if any) |
|---|---|

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **United States Bankruptcy Court**<br>**Middle District of Pennsylvania** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Pandya, Upen A.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Pandya, Madhuri U.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**dba Jefferson Motel** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all): **4713** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all): **0012** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**475 Lakeview Drive**<br>**Spring Grove, PA**<br>ZIPCODE **17362** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**475 Lakeview Drive**<br>**Spring Grove, PA**<br>ZIPCODE **17362** |
| County of Residence or of the Principal Place of Business:<br>**York** | County of Residence or of the Principal Place of Business:<br>**York** |
| Mailing Address of Debtor (if different from street address)<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- ☑ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtor**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

<table>
<tr><td><strong>Voluntary Petition</strong><br><em>(This page must be completed and filed in every case)</em></td><td>Name of Debtor(s):<br><strong>Pandya, Upen A. & Pandya, Madhuri U.</strong></td></tr>
</table>

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td>
<div align="center"><strong>Exhibit A</strong></div>
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐  Exhibit A is attached and made a part of this petition.
</td>
<td>
<div align="center"><strong>Exhibit B</strong><br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)</div>

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).

**X** **/s/ Jackie J. DeArmond, Esquire 64177**          **5/09/12**

<div align="center">Signature of Attorney for Debtor(s)          Date</div>
</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑  Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**
<div align="center">(Check any applicable box.)</div>

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
<div align="center">(Check all applicable boxes.)</div>

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
<div align="center">(Name of landlord that obtained judgment)</div>

_____
<div align="center">(Address of landlord)</div>

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Pandya, Upen A. & Pandya, Madhuri U.** |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

**X** */s/ Upen A. Pandya*                                    **Upen A. Pandya**
Signature of Debtor

**X** */s/ Madhuri U. Pandya*                              **Madhuri U. Pandya**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)
**May  9, 2012**
Date

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

| **Signature of Attorney*** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| **X** */s/ Jackie J. DeArmond, Esquire 64177*<br>Signature of Attorney for Debtor(s)<br><br>**Jackie J. DeArmond, Esquire 64177**<br>**DeArmond & Associates**<br>**11 East Market Street, Suite 300**<br>**York, PA  17401**<br>**(717) 846-3200  Fax: (717) 845-4100**<br>**information.dearmondlaw@gmail.com**<br><br><br>**May  9, 2012**<br>Date<br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>_____ |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**X** _____<br>Signature of Authorized Individual<br><br>_____<br>Printed Name of Authorized Individual<br><br>_____<br>Title of Authorized Individual<br><br>_____<br>Date | **X** _____<br>Signature<br><br>_____<br>Date<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
## Middle District of Pennsylvania

IN RE:                                                    Case No. _____

**Pandya, Upen A.**  _____        Chapter **13** _____
<div align="center">Debtor(s)</div>

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**


Signature of Debtor: **/s/ Upen A. Pandya** _____

Date: **May  9, 2012** _____

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Certificate Number: 08381-PAM-CC-017552387



08381-PAM-CC-017552387

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>March 6, 2012</u>, at <u>8:24</u> o'clock <u>AM CST</u>, <u>Upen Pandya</u> received from <u>ConsumerBankruptcyCounseling.info, a Project of the Tides Center</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Middle District of Pennsylvania</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared.</u> If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date: <u>March 7, 2012</u>          By:     <u>/s/Patricia Perez</u>

                              Name: <u>Patricia Perez</u>

                              Title:   <u>assistant</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

## United States Bankruptcy Court
## Middle District of Pennsylvania

IN RE:                                                                          Case No. _____

**Pandya, Madhuri U.**                                                          Chapter **13** _____
_____
Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

  ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

  ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

  ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**


Signature of Debtor: ***/s/ Madhuri U. Pandya*** _____

Date: **May  9, 2012** _____

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Certificate Number: 08381-PAM-CC-017552388



08381-PAM-CC-017552388

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>March 6, 2012</u>, at <u>8:24</u> o'clock <u>AM CST</u>, <u>Madhuri Pandya</u> received from <u>ConsumerBankruptcyCounseling.info, a Project of the Tides Center</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Middle District of Pennsylvania</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date: <u>March 7, 2012</u>          By:     <u>/s/Patricia Perez</u>

                              Name: <u>Patricia Perez</u>

                              Title:  <u>assistant</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

# United States Bankruptcy Court
## Middle District of Pennsylvania

**IN RE:**                          Case No. _____

<u>Pandya, Upen A. & Pandya, Madhuri U.</u>         Chapter <u>13</u> _____
                     Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     For legal services, I have agreed to accept ................................................................................ $ _____**4,500.00**

     Prior to the filing of this statement I have received ................................................................ $ _____**1,525.00**

     Balance Due ................................................................................................................ $ _____**2,975.00**

2.  The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3.  The source of compensation to be paid to me is: ☑ Debtor ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.   ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
     e.   [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____**May  9, 2012**_____     **/s/ Jackie J. DeArmond, Esquire 64177**
            Date                         **Jackie J. DeArmond, Esquire 64177**
                                           **DeArmond & Associates**
                                           **11 East Market Street, Suite 300**
                                           **York, PA  17401**
                                           **(717) 846-3200  Fax: (717) 845-4100**
                                           **information.dearmondlaw@gmail.com**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

        Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

        Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

        Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

        After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

        Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

        Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

        A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Middle District of Pennsylvania**

IN RE:

Case No. _____

Pandya, Upen A. & Pandya, Madhuri U. _____

Chapter **13** _____

<span style="padding-left:4em;">Debtor(s)</span>

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer

Address:

_____

_____

**X**_____

Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or partner whose Social Security number is provided above.

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

Pandya, Upen A. & Pandya, Madhuri U. _____

Printed Name(s) of Debtor(s)

**X** */s/ Upen A. Pandya*      **5/09/2012**

Signature of Debtor      Date

Case No. (if known) _____

**X** */s/ Madhuri U. Pandya*      **5/09/2012**

Signature of Joint Debtor (if any)      Date

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# United States Bankruptcy Court
## Middle District of Pennsylvania

**IN RE:**                                                     Case No. _____

**Pandya, Upen A. & Pandya, Madhuri U.**                      Chapter **13** _____
                    Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 34 | $ 466,650.00 | | |
| B - Personal Property | Yes | 7 | $ 121,017.76 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $ 699,832.34 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | $ 253,200.09 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 5,915.37 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 5,550.27 |
| TOTAL | | 58 | $ 587,667.76 | $ 953,032.43 | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# United States Bankruptcy Court
## Middle District of Pennsylvania

**IN RE:**                                                          Case No. _____

Pandya, Upen A. & Pandya, Madhuri U. _____   Chapter **13** _____
                                Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 160,842.94 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| **TOTAL** | $ 160,842.94 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 5,915.37 |
| Average Expenses (from Schedule J, Line 18) | $ 5,550.27 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 7,330.38 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 208,652.34 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 253,200.09 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 461,852.43 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Pandya, Upen A. & Pandya, Madhuri U.                                    Case No. _____

<div align="center">Debtor(s)                                                   (If known)</div>

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Real Estate:**<br>**6408 Lincoln Highway West**<br>**Thomasville, PA  17364**<br>**Value per Appraisal Conducted by Remace, LTD on September 12, 2011**<br>**(Value - $275,000.00 less 10% Administrative Costs = $247,500.00)**<br>**See Attached**<br>**<<<Surrender>>>** | | J | 247,500.00 | 272,949.98 |
| **Residence:**<br>**475 Lakeview Drive**<br>**Spring Grove, PA  17362**<br>**Value per Appraisal Conducted by Michele Rae Best on February 4, 2012**<br>**(Value - $243,500.00 less 10% Administrative Costs = $219,150.00)**<br>**See Attached** | | J | 219,150.00 | 402,352.36 |
| **TOTAL** | | | 466,650.00 | |

<div align="right">(Report also on Summary of Schedules)</div>

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only



September 12, 2011

ACNB Bank
Attn: Appraisal Department
100 V-Twin Drive
Gettysburg, PA 17325

**RE:** **MARKET VALUE APPRAISAL**
*Jefferson Motel*
*6408 Lincoln Highway West, Jackson Township*
*York County, Pennsylvania 17364*

Dear Appraisal Department:

In accordance with your request, we have completed the analysis and appraisal of the above referenced real property for the purpose of estimating the *"Market Value"* of the subject's fee simple estate, in accordance with the property's highest and best use, and under current market conditions. The intended use of this appraisal is to serve as a guide for mortgage underwriting decisions and potential financing.

The real estate that is the subject of this report is located on the south side of Lincoln Highway West within Jackson Township, Adams County, Pennsylvania. The property consists of one building on one parcel. The building is a single-story masonry structure consisting of 4,508 square feet on a partial basement and concrete slab foundation. Operated as the Jefferson Motel, a "mom & pop" facility that is unrated by AAA standards, the building consists of 8 motel guest rooms and attached owner's residence. Interior configuration consists of a small innkeeper's office, storage & supply room, eight (8) motel rooms with full bathrooms, and three-bedroom residence with living room, dining room, kitchen, full bathroom, and attached 2-car garage. Original construction of the building was completed circa 1965 according to York County records.

One macadam entranceway provides adequate vehicular ingress/egress via Lincoln Highway West, while a macadam lot provides adequate on-site parking for vehicles. Total site area equals 35,719 square feet, or 0.82 gross acre, of which the existing building covers 13%. The property is of average quality and in fair to average overall condition on the interior and exterior.

439 West Market Street, York, PA 17401 * Phone: (717) 843-5104 * Fax: (717) 848-5393
Web: www.remacere.com * Email: jshriner@remaceltd.com

There were no unusual economic factors that would negatively influence the subject property. Sales Comparison and Income Approaches to value were developed for this analysis. The Cost Approach to value was considered but not applied. The Cost Approach is considered to have minimal applicable support for the subject due to subjective estimates for physical deterioration and functional obsolescence based on the age and configuration of the subject. The Cost Approach is also not sensitive to fluctuations in user and investment market conditions that directly affect the value of real estate. In the final analysis, the Income Approach is considered the best indicator of market value for the subject, with support from the Sales Comparison Approach. The Income Approach most closely mirrors the actions of buyers and sellers for this class of commercial property.

This is a ***Summary Appraisal Report*** that is intended to be performed under and to comply with the reporting requirements set forth under Standards Rule 1 and 2 of the Uniform Standards of Professional Appraisal Practice (USPAP). Additional materials relating to this valuation assignment have been retained in the files of <u>Remace, Ltd.</u> The conclusions and most relevant information have been presented in this report.

We have conducted demographic analyses and independently verified the data and elements on which the analysis, opinions and conclusions were based. Reference is made to the accompanying report, including exhibits and addenda, which describe the property and the conclusions derived by application of the valuation process. This letter of transmittal does not constitute an appraisal of the identified property. Please note the Assumptions and Limiting Conditions at the end of this report.

As a result of our findings, more fully discussed in the attached report, it is our opinion that the *"Market Value"* of the fee simple estate in the identified real property, as well as the turnkey hospitality business appurtenant thereto, subject to all assumptions and limiting conditions cited in this report, as of September 2, 2011, was:

## <u>TWO HUNDRED SEVENTY-FIVE THOUSAND DOLLARS</u>
## <u>($275,000)</u>

The foregoing opinion of *"Market Value"* assumes a purchase in cash or its equivalent (in typically available financing terms) and negotiations free of seller or buyer duress. The valuation also assumes that the subject property is free and clear of any adverse subsurface soil conditions, which may influence marketability. The appraisers are not qualified to detect such conditions and it is suggested that the client retain an expert in this field if desired.

Re: 6408 Lincoln Highway West
Date: September 12, 2011
Page iii

The appraisal is of real property, as well as any equipment, trade fixtures, chattel, personal property and/or inventories that may be located or stored upon or within the identified real property which are necessary to the ongoing operation of the existing hotel business appurtenant thereto.

This is to certify that we have inspected and examined the identified real property; that we have no financial or other interest in the real estate; that our employment is in no way contingent upon the amount of the valuation; that we have based the worth of the real property upon a study of regional and local conditions, market derived cost, sale, income and expense data, and other competitive market extracted information. Our value conclusions, as well as other opinions expressed herein, are not based upon a requested minimum or maximum value, a specific value or approval of a loan. We assume no responsibility for matters that are legal in nature, nor for any opinion on the title rendered herewith.

This analysis assumes a good and marketable title. The identified real property was appraised as though free and clear of any indebtedness and other liens and encumbrances that may be identified on the public record. The identified appraisers have been engaged under the terms of a predetermined fixed fee for their professional services.

We believe that the accompanying report, which supersedes any information previously conveyed to you either verbally or in writing, is clear and self-explanatory. Thank you for the opportunity to be of service and please feel free to contact us if you should have any questions.

Respectfully submitted,

**REMACE, LTD.**

James R. Shriner
Pennsylvania Certified General Appraiser
Certification Number: #GA-1567-L
Expiration Date: 6/30/2013

# EXECUTIVE SUMMARY

**Property Identification:** 6408 Lincoln Highway West, Jackson Township, York County, Pennsylvania

**Property Type:** Motel property

**Property Rights Appraised:** Fee simple estate

**Ownership & History:** Upen & Madhuri Pandya; The Pandyas acquired the property from Robert Flickinger on July 30, 2002 for a recorded consideration of $270,000; the property has not been represented to be the subject of an existing Agreement of Sale, although the property has been marketed For Sale through Jack Gaughen ERA at a list price of $585,000.

**USPAP 2010 Disclosure(s):** In compliance with USPAP 2010 disclosure requirements, the appraiser has not previously performed any valuation services on the subject property in the most recent three-year period.

**Tax Parcel No.:** District #33, Map #HF, Parcel #0136B

**Deed Reference:** Deed Book 1509, Page 3698

**Property Description:** The property consists of one building on one parcel. The building is a single-story masonry structure consisting of 4,508 square feet on a partial basement and concrete slab foundation. Operated as the Jefferson Motel, a "mom & pop" facility that is unrated by AAA standards, the building consists of 8 motel guest rooms and attached owner's residence. Original construction of the building was completed circa 1965 according to York County records.

One macadam entranceway provides adequate vehicular ingress/egress via Lincoln Highway West, while a macadam lot provides adequate on-site parking for vehicles. Total site area equals 35,719 square feet, or 0.82 gross acre, of which the existing building covers 13%. The property is of average quality and in fair to average overall condition on the interior and exterior.

**Utilities:** Public water, on-site septic, and electricity

**Zoning:** Commercial ( C ) Zoning District of Jackson Township

1

| | |
|---|---|
| **Encumbrance:** | Typical utility easements assumed; no other encumbrances were disclosed, although title documents were not analyzed. |
| **Highest and Best Use:** | Continued use as a motel facility |
| **Environmental Issues:** | The scope of this appraisal has not included any environmental audits or testing for hazardous materials. As with all real estate, the ownership of the subject property is advised to have a complete understanding of the environmental issues surrounding the subject property. |
| **Valuation Issues:** | Sales Comparison and Income Approaches to value were developed for this analysis. The Cost Approach to value was considered but not applied. The Cost Approach is considered to have minimal applicable support for the subject due to subjective estimates for physical deterioration and functional obsolescence based on the age and configuration of the subject. The Cost Approach is also not sensitive to fluctuations in user and investment market conditions that directly affect the value of real estate. In the final analysis, the Income Approach is considered the best indicator of market value for the subject, with support from the Sales Comparison Approach. The Income Approach most closely mirrors the actions of buyers and sellers for this class of commercial property. |
| **Extraordinary Assumption(s):** | The appraiser did not physically inspect all motel units in the property. Accordingly, the valuation determined herein is predicated on the extraordinary assumption that all units are in substantially similar condition as the units inspected. Additionally, despite the appraiser's request, the attached residence was not available for the appraiser's inspection. All information regarding this portion of the property was obtained from current ownership's representations. The valuation determined herein is predicated on those representations, as well as the assumption this unit is in substantially similar condition as the remainder of the property. Any findings to the contrary may have an adverse impact on the valuation determined herein. |
| **Completion Date of Report:** | September 12, 2011 |
| **Date of Valuation:** | September 2, 2011 |
| **Market Value Opinion:** | $270,000 |

2

## IDENTITY OF THE PROPERTY

The real estate that is the subject of this appraisal consists of one building on one parcel. The site has a mostly level topography. The parcel is mostly rectangular in shape and covers 35,719 square feet, or 0.82 gross acre. Macadam areas on the northern facade provide adequate on-site parking for vehicles. The property is located on the south side of Lincoln Highway West within Jackson Township, York County, Pennsylvania. This property is identified by the York County Tax Assessment Office as in District #33, Map #HF, Parcel #0136B and is more commonly known as the Jefferson Motel at 6408 Lincoln Highway West, Thomasville, Pennsylvania 17364.

## AUTHORIZATION, INSPECTION & DATE OF VALUATION

Authorization for the preparation of this report was from the Appraisal Department of ACNB Bank. The subject property was inspected by James R. Shriner on September 2, 2011. During the interior and exterior inspection, the appraiser was accompanied by Upen Pandya, of the Jefferson Motel. Despite the appraiser's request, the attached residence was not available for inspection; all information regarding this area of the property was provided by current ownership and assumed to be true and correct. The *"Market Value"* opinion applies as of September 2, 2011, the initial date of inspection. Completion of this appraisal report was on September 12, 2011.

## PURPOSE, DEFINITIONS AND INTENDED USE OF THE APPRAISAL

The purpose of this appraisal is to estimate the *"Market Value"* of the fee simple estate in the subject property, in accordance with the property's highest and best use, and under market conditions prevailing as of September 2, 2011, the date of inspection and valuation.

*"Market Value,"* as used herein, is the present worth of the future benefits in the real estate with specified property rights of ownership. This economic concept of value is defined in the Uniform Standards of Professional Appraisal Practice as promulgated by the Appraisal Standards Board of The Appraisal Foundation. *"Market Value,"* according to the definition set forth in the Federal Register dated August 20, 1990, page 34696, 12CFR 34.42, is defined in the following manner:

> *"The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:"*
>
> *(1) buyer and seller are motivated;*
>
> *(2) both parties are well-informed or well advised, and acting in what they consider their best interests;*

3

(3)    *a reasonable time is allowed for exposure in the open market;*

(4)    *payment is made in terms of cash in United States dollars or in terms of financial arrangements comparable thereto; and*

(5)    *the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.*

The intended use of this report is to serve as a guide for mortgage underwriting decisions and potential financing. As such, intended users are limited to the client, ACNB Bank, in fulfillment of the intended use. All others are considered unintended users and the judgments and conclusions that form the basis of the appraiser's valuation may not necessarily pertain to other functions that require an opinion of value for the subject property.

## PROPERTY RIGHTS APPRAISED

The scope of this valuation assignment dictates that the property rights being appraised comprise a *"Fee Simple Estate"* in the subject property, as described herein. A *"Fee Simple Estate"* is defined in the Dictionary of Real Estate Appraisal, 4th Edition, published by the Appraisal Institute, as presented below:

> *"Absolute ownership unencumbered by any other interest or estate, subject only to the limitations imposed by the government powers of taxation, eminent domain, police power and escheat."*

The fee simple estate is also subject to normal right-of-ways granted to governmental agencies and public utility companies for the placement and maintenance of utility distribution and drainage systems as well as other easements and restrictions of record.

The appraisal is of real property, as well as any equipment, trade fixtures, chattel, personal property and/or inventories that may be located or stored upon or within the identified real property which are necessary to the ongoing operation of the existing hotel business appurtenant thereto.

## SCOPE OF THE APPRAISAL

The client has requested that the appraisers develop and prepare a *"Summary Appraisal Report"* that is in compliance with the requirements of the Uniform Standards of Professional Appraisal Practice (USPAP). This appraisal has been prepared in a narrative format in conformance with the applicable standards. The final value opinion contained within this appraisal is subject to the Assumptions, Limiting Conditions and Certificate as cited within this report.

A *"Summary Appraisal Report"* is defined within the Uniform Standards of Professional Appraisal Practice as presented below:

4

*"A written report prepared under Standards Rule 2-2 (b)(i)-(xi) of an Appraisal performed under Standard 1." Comment: The full extent of the process may not be apparent to the reader in the contents of the report.*

A **Summary Appraisal Report** presents only compendious discussions of the data, reasoning and analysis that were used in the appraisal process to develop the appraiser's opinion of value. Supporting documentation concerning the data, reasoning and analysis is retained in the appraiser's work files. The depth of discussion contained within this report is specific to the needs of the client and/or the intended users of this document. The appraisers are not responsible for unauthorized use of this appraisal report.

The nature of this assignment requires an unbiased opinion of *"Market Value"* for the fee simple estate in the identified real property. The process leading to the final value conclusion includes a review of governmental, social, physical and economic factors impacting the subject property as of the date of valuation.

A careful study of the surrounding regional and local real estate markets was made. The appraiser physically inspected the subject property, researched governmental controls such as current zoning, availability of utilities, real estate assessments and taxes, and has forecast the effect of these factors on the value and marketability of the identified property. The appraisers have also considered additional factors such as: regional and local market trends for similar hospitality properties, competitive market data and the availability of mortgage financing. Competitive market data is sought for many factors in the development of any value opinion. The data typically includes sales and offerings of improved property and parcels of vacant land similar or competitive to the subject, current prices of construction materials, equipment and labor, rentals of similar or competitive properties and their operating expenses if available, current rates of return on similar or competitive real estate investments, market demand and general economic (market) conditions as of the date of valuation.

The process of data collection used in developing the appraiser's conclusions and final value opinion involved obtaining information from real estate professionals, public officials, grantors and grantees, public records, contractors, cost indexes and data from the appraiser's internal files. This information was augmented by the appraiser's personal knowledge of the subject's market and knowledge of real estate on a longitudinal basis of active real estate transactions.

Subject property data, with respect to land area calculations, was acquired from information cited in either the recorded deed(s), tax assessment records, and/or information supplied by ownership or their representatives. The appraisers have made every reasonable effort to establish the correct land area calculations for each subject property. However, the appraisers do not guarantee the accuracy of the calculations due to discrepancies of record. Typically, it is recommended that a survey for the subject property be made to establish incontestable land areas.

5

The first step in the valuation process is to determine and identify the highest and best use of the real property, as of the date of valuation. The second step is the development of the applicable methods or approaches to solve the question(s) sought in the appraisal assignment. *"Market Value"* is typically arrived at by the traditional three (3) methods of valuation: Sales Comparison, Income Capitalization and Cost Approaches.

> 1) *The Sales Comparison Approach is predicated on comparable sales data, which tends to reflect what willing and knowledgeable, but uncoerced, seller and buyer would agree upon as the price at which a property should exchange.*
>
> 2) *The Income Capitalization Approach is predicated on the foundation that value is based on the net income the property is capable of producing and which derives an estimate of present worth from the capitalization of such net income.*
>
> 3) *The Cost Approach is predicated on the concept that the total value of improved property is equivalent to the market value of the land plus the cost of the improvements, less depreciation from physical, functional and external deficiencies.*

When valuing real property, generally the Sales Comparison and Income Capitalization Approaches are given most weight. The Cost Approach typically serves to evaluate the property's financial feasibility and tends to set the upper limit of value when the question sought is *"Market Value."* Also, the Cost Approach is not typically sensitive to fluctuations in user and investment market conditions that directly affect the value of real estate.

With respect to the valuation questions sought in this assignment, the appraisers developed a summary appraisal with emphasis on the Sales Comparison and Income Capitalization Approaches to value. The Cost Approach, although potentially applicable for support, was not developed in the analyses of the identified real property.

The final step in the valuation process is the reconciliation of the data and value ranges developed by the relevant approaches into an appropriate final *"Market Value"* opinion for the identified real property. A thorough review of the entire valuation process precedes the development of a final reconciled value indication. Reconciliation is the part of the valuation process in which the appraiser most directly draws on his or her experience, expertise and professional judgment to resolve any differences between the market data analyzed. The conclusions drawn in the reconciliation are based on the appropriateness, accuracy, quantity and quality of the available data and other evidence set forth in the appraisal process.

6

## DISCLOSURE OF COMPETENCY

The appraisal standards promulgated by the Appraisal Standards Board of The Appraisal Foundation contain binding requirements and specific guidelines that deal with the procedures to be followed in developing an appraisal, analysis or opinion. The Uniform Standards of Professional Appraisal Practice (USPAP) requires the appraiser to communicate his or her analysis, opinions and conclusions in a manner that will be meaningful and not misleading in the marketplace. The appraisers are required to observe the highest standards of professional ethics which includes conduct, management, confidentiality and record keeping.

In addition, the appraisers are required to properly identify the appraisal question or problem, have the knowledge and experience to complete the assignment competently, or disclose the lack of knowledge and/or experience to the client before accepting the assignment. The appraiser may however, retain the assistance of others who possess the required knowledge and/or experience, provided disclosure of such is made to the client. The appraisers acknowledge that they understand the ethics and competency provisions set forth in the Uniform Standards of Professional Appraisal Practice (USPAP), and certify that they have the necessary experience and knowledge needed to complete the assignment at hand. No steps were required of the appraisers to satisfy the Competency Provision.


## REGIONAL AND NEIGHBORHOOD ANALYSIS

York County is located in South Central Pennsylvania and contains 911 square miles or approximately 583,000 acres. The County is bound to the south by the Mason-Dixon Line and to the east by the Susquehanna River, which separates Lancaster County from York County. Adams County forms the western boundary, with Cumberland County serving as the northwest boundary and Dauphin County the northern boundary.

The County seat is York City, which lies approximately in the center of the County and has been the primary trading center for the surrounding commercial, industrial and agricultural districts. Within the Mid-Atlantic Region, the City of York is 25 miles west of Lancaster, 25 miles south of Harrisburg (the State Capitol), 100 miles west of Philadelphia and 50 miles north of Baltimore. Accessibility to major cities in the Mid-Atlantic region is a distinct asset to the growth and development of South Central Pennsylvania. Major highways in York County include U.S. Route 30, U.S. Route 15, Interstate 83 and the Pennsylvania Turnpike.

Total population of York County, according to the 2000 census, was 381,751, which increased from the 1990 count of 339,574. A 2010 census reflects a figure of 434,972, an increase of 53,221 or +13.94% over the last decade. Total population of Jackson Township decreased slightly from 6,244 in 1990 to 6,095 in 2000, with the 2010 census showing a figure of 7,494, an increase of +22.95% during the last decade. Jackson Township accounts for approximately 1.72% of the County's population. York County ranked 11th in the State in total population in 1970, but elevated to 10th in 1980, 9th in 1990 and is ranked 8th in the State for the 2000 census. 2010 rankings are not yet available.

7

Unemployment rates (unadjusted), as of June 2011 (the most recent available) for York County, according to the Pennsylvania Department of Labor and Industry, were 7.8 percent. Adams County unemployment rates for the same period stand at 6.8 percent. Unemployment rates for the entire State of Pennsylvania were 8.0 percent, while the unadjusted rate for the United States was 9.2 percent.

The subject property is located on the south side of Lincoln Highway West within Jackson Township. Jackson Township is in the western portion of York County and is bounded by Dover Township to the north, West Manchester Township to the east, North Codorus and Heidelberg Townships to the south and Paradise Township to the west.

Lincoln Highway West, a/k/a York Road and/or US Route 30, is an east-west roadway connecting Chambersburg to Lancaster, which runs mostly parallel with Route 234, a/k/a East Berlin Road, to the north. York Road and East Berlin Road converge approximately 5 miles east of the subject property, and approximately 2 miles west of the intersection with Interstate 83. Interstate 83 is a north-south roadway that connects York County with Baltimore, MD to the south and Harrisburg, PA to the north, effectively bisecting York County into eastern and western regions. The intersection of Interstate 83 and Route 30 is the busiest intersection in the county. US Route 30, also known as Loucks Road, Arsenal Road, and the Lincoln Highway, was the nation's first transcontinental highway and was laid-out by a young Dwight Eisenhower early in his military career. Today it functions as the principle east-west roadway for the entire York County region and serves as a route for both transient and commuter traffic between Lancaster to the east and Chambersburg to the west.

The immediate neighborhood along Lincoln Highway West is generally of a mixed-use nature, consisting primarily of scattered commercial, light industrial, residential, agricultural land, and vacant land. Many of the uses are located within structures specifically designed to accommodate such uses. This present blend of land uses is anticipated to continue into the foreseeable future. This area appears to be stable with room for growth in the immediate neighborhood.

Statistics from the Realtors Association of York and Adams Counties indicate an increase in the average sale price between 2003 and 2006, with prices "leveling off," or slightly decreasing in current market conditions. There was also an increase in the volume of sales during this same period, with the current market indicating a noticeable decrease in that volume. Commercial/investment properties appear to be in a stable market environment, albeit with longer exposure and marketing terms.

8

## LOCATION MAP



9

# SUBJECT PROPERTY DATA & ANALYSIS

The real estate that is the subject of this appraisal consists of one building on one parcel. The following property data and analysis was developed via the appraiser's physical inspection of the subject property, information supplied by the current owners, other real estate professionals, public officials and public records:

**Location:** 6408 Lincoln Highway West, Jackson Township, York County, Pennsylvania

**Tax Parcel No.:** District #33, Map #HF, Parcel #0136B

**Deed Reference:** Deed Book 1509, Page 3698

**Zoning:** Commercial ( C ) Zoning District of Jackson Township; the property's current use as a motel facility is permitted by Special Exception.

**Highest and Best Use "As Improved:"** Considering the four factors of Highest and Best Use, namely legally permissible, physically possible, financially feasible and maximally productive, the Highest and Best Use As Improved of the subject property is concluded to be for the current and continued use as a motel facility.

**Highest and Best Use "As If Vacant & Available for Development:"** Also considering the four factors of Highest and Best Use as in the "as improved" scenario but applied to the subject as if vacant and available for development, the Highest and Best Use As if Vacant and Available for Development is concluded to be for commercial uses, such as: animal hospital; contractor's office or shop; day-care center of nursery school; greenhouse, horticultural nursery; home occupation; house of worship; professional or business office; wholesale establishment; automobile sales and/or garage; mobile home sales lot; restaurant and/or tavern.

**Reasonable Exposure Period:** Nine (9) to eighteen (18) months

**Reasonable Marketing Period:** Nine (9) to eighteen (18) months

**Ownership & History:** The subject property is currently under the ownership of Upen & Madhuri Pandya. The Pandyas acquired the property from Robert Flickinger on July 30, 2002 for a recorded consideration of $270,000.

The property has not been represented to be the subject of an existing Agreement of Sale, although the property has been marketed For Sale through Jack Gaughen ERA at a list price of $585,000. In compliance with USPAP 2010 disclosure requirements, the appraiser has not previously performed any valuation services on the subject property in the most recent three-year period.

10

**Site Description:** The subject site contains a single mostly rectangular-shaped parcel of land covering 35,719 square feet, or 0.82 gross acre, with a mostly level topography and average visibility. The following is a description of important site features:

**Total Land Area:** 35,719 square feet, or 0.82 gross acre

**Shape:** Mostly rectangular

**Topography:** Mostly level

**Visibility:** Average along Lincoln Highway West

**Frontage:** Approximately 206' linear feet of frontage along the south side of Lincoln Highway West

**Land to Building Area Ratio:** 7.92 to 1 (building footprint area only)

**Paving/Parking Spaces:** Macadam paving allowing for adequate parking of vehicles on-site

**Landscaping:** Average

**Sidewalks and Curbs:** None

**Curb Cuts:** One (1) macadam entranceway along the south side of Lincoln Highway West

**Exterior Lighting:** Private lighting attached to building and pole mounted

**Rail:** None

**Underground Tanks:** None disclosed; none apparent

**Fencing:** None

**Utilities:** Public water, on-site septic, and electricity

**Flood Zone:** Portions of the property, along the southern boundary appear to be located within designated flood hazard area referred to as Zone AE as described in FEMA Map #42133C0292E, dated September 25, 2009; as such, it is recommended that a certificate of elevation be obtained in order to ascertain whether any building improvements are located within said designated flood hazard area

**Easements or Encroachments:** Typical utility easements assumed; it is assumed that no easements negatively affect utility of the property.

**Encumbrances:** None disclosed; none apparent

11

**Favorable Site Attributes:** Location along heavily traveled thoroughfare, relative size of parcel, and availability of public water

**Unfavorable Site Attributes:** Non-homogeneity of neighborhood; potential location within designated flood hazard area, which may inhibit full development and utilization of site

**Environmental Hazards:** The scope of this appraisal has not included any environmental audits or testing for hazardous materials. As with all real estate, the ownership of the subject property is advised to have a complete understanding of the environmental issues surrounding the subject property.

**Building Description:** The building is a single-story masonry structure consisting of 4,508 square feet on a partial basement and concrete slab foundation. Operated as the Jefferson Motel, a "mom & pop" facility that is unrated by AAA standards, the building consists of 8 motel guest rooms and attached owner's residence. The following is a description of consequential features that make up the building:

**Foundation:** Partial basement and concrete slab

**Exterior Walls:** Masonry

**Facade:** Brick

**Roof:** Gabled shingle

**Gutters and Downspouts:** Aluminum

**Exterior Doors:** Wood

**Overhead Doors/Loading Docks:** Two (2) 8' overhead garage doors

**Windows:** Primarily fixed pane and/or double hung

**Frame:** Masonry and wood

**Interior Walls:** Primarily drywall and parged concrete

**Interior Doors:** Wood

**Floors:** Primarily carpet and vinyl tile

**Ceilings:** Primarily drywall

**Ceiling Clearances:** Varies; approximately 8' – 9'

12

**Column Spacing:** Various partitions separating motel room units, and other rooms within the building

**Basement:** Partial concrete basement, with three (3) sump pumps

**Stairs:** One (1) interior stairway to basement level

**Mechanical Systems**

> **Electricity:** Appears to be 225-Amp, 3-phase system with circuit breakers, subpanels and subdisconnects; appears adequate for the current use

> **Lighting:** Incandescent

> **HVAC:** Electric strip heating with window/wall air conditioning units

> **Plumbing:** One (1) full bath consisting of a watercloset, tub and sink in each respective hotel room; full bathroom in attached residence

> **Sprinkler:** None

> **Elevator:** None

> **Other:** N/A

**Floor Plan and Finish:** An "L-shaped" structure with the motel units oriented parallel with and the residence oriented perpendicular to Lincoln Highway West, the property consists of one building on one parcel. The building is a single-story masonry structure consisting of 4,508 square feet on a partial basement and concrete slab foundation. Operated as the Jefferson Motel, a "mom & pop" facility that is unrated by AAA standards, the building consists of 8 motel guest rooms and attached owner's residence. Interior configuration consists of a small innkeeper's office, storage & supply room, eight (8) motel rooms with full bathrooms, and three-bedroom residence with living room, dining room, kitchen, full bathroom, and attached 2-car garage. Interior finish primarily consists of carpet and vinyl tile floors; drywall walls; and drywall ceilings.

**Age and Condition of Improvements:** Original construction of the building was completed in 1965 according to York County records. The building has been maintained over the years and is currently used as a motel facility with on-site owner's residence. The building is considered a low-cost to average quality Class "C" building and the economic life for similar structures is 45 years, according to the Marshall Valuation Service. Overall, the building is in fair to average condition on the interior and exterior.

13

**Gross Building Area:**

| Building | Square Feet |
|---|---|
| Motel Area | 2,658 |
| Owner's Residence | 1,850 |
| **Total Gross Building Area:** | **4,508** |

**Personal Property:** Personal property, as defined in <u>The Appraisal Institutes Dictionary of Real Estate Appraisal</u>, is identifiable portable and tangible objects considered by the general public to be "personal," e.g., furnishings, artwork, machinery and equipment; all property that is not classified as real estate. Personal property also includes movable items that are not permanently affixed to, and part of, the real estate. <u>All trade fixtures, inventory, equipment or other personal property necessary for the ongoing operation of the hotel business appurtenant thereto.</u>

**Real Estate Assessment and Tax**

| Tax I.D. | Current Assessment | Common Level Ratio | Implied Value | Market Opinion | Millage | Current Taxes |
|---|---|---|---|---|---|---|
| 33-HF-136B | $146,810 | 0.837 | $175,400 | $275,000 | 24.7700 | $3,636 |

Based on the valuation estimated in this report, the subject property's tax assessment is significantly undervalued, as compared to the appraiser's Market Value opinion found herein.

<u>The appraiser further notes that tax assessments, by statute, are based on real property only. Accordingly, the Market Value opinion is the value of the real estate, as well as the turnkey hotel business appurtenant thereto. Said items historically account for $3,500-$5,000 per room in allocations of sales prices for local hotel/motel transfers, yielding FF&E value allocation of approximately $28,000 ($3,500 x 8 rooms) to $40,000 ($5,000 x 8 rooms).</u>

<u>Alternatively, Marshall & Swift Cost Estimates for hospitality FF&E are indicated at "13.5% to 24% of the total project costs...or 18.5% to 31% of building construction costs." However, this is reflective of costs of new FF&E. Inasmuch as hospitality FF&E is estimated to have a useful life of 10 years, and the observed condition appears to exceed this life, it is the appraiser's opinion that the existing FF&E is nominally contributory in value.</u>

<u>Accordingly, no matter which method is utilized, based on the valuation estimated in this report, the subject property's tax assessment appears to be undervalued, as compared to the appraiser's Market Value opinion found herein.</u>

14

# PHOTOGRAPHS OF THE SUBJECT NEIGHBORHOOD



Looking East along York Road



Looking West along York Road

15

## PHOTOGRAPHS OF THE SUBJECT PROPERTY



Front Facade – Motel



Rear Facade - Motel

16

# PHOTOGRAPHS OF THE SUBJECT PROPERTY



Front Facade



Rear Facade

17

# THE SALES COMPARISON APPROACH

The Sales Comparison Approach is defined in the Dictionary of Real Estate Appraisal, 4th Edition, published by the Appraisal Institute, as follows:

> *"A set of procedures in which a value indication is derived by comparing the property being appraised to similar properties that have been sold recently, applying appropriate units of comparison, and making adjustments to the sale prices of the comparables based on the elements of comparison. The sales comparison approach may be used to value improved properties, vacant land, or land being considered as though vacant; it is the most common and preferred method of land valuation when comparable sales data are available."*

Competitive sales are better analyzed on a unit basis rather than as an entirety. The sale price per motel room is the typical unit of comparison for properties such as the subject. This unit of comparison parallels real estate brokerage practices in the subject's trade area.

## Adjustments

Typically, in arriving at an estimated value range for the identified real property, numerous sales of similar hotel/motel buildings are reviewed. The sales are analyzed with consideration given to their purchase price in relation to the subject's specific characteristics. Application of the Sales Comparison Approach calls for adjustments to be made to the competitive sales in comparison to the subject property for any measurable dissimilarities such as: property rights conveyed, conditions of sale, market conditions (time), location, physical characteristics, zoning and/or use restrictions and overall utility. The following is an explanation of the various types of adjustments considered when comparing market sales to the subject property.

1. *Property Rights Conveyed: This concept compares property ownership to a bundle of rights each representing a distinct and separate right of the property owner. The subject property is being appraised assuming a fee simple estate as previously described. All sales were analyzed with respect to the property rights conveyed and adjusted accordingly for measurable differences.*

2. *Conditions of Sale: Motivations of the parties, special financing, and other factors affecting price. Not every transaction is arms length. Therefore, the relative strengths of the buyer's and seller's position at the time of sale, as well as the sophistication of each must be considered*

3. *Market Conditions: The effect of time on price, including changes in interest rates, supply and demand, changes in the national and local economies. Completed sales are historic in nature and must be analyzed and adjusted in relation to the market conditions existing as of the date of the subject's valuation.*

4. *Location: Differences in market area as determined by the pool of potential purchasers. Sales that are extracted from outside the subject's immediate market area, sometimes require adjustments due to their perceived market area being either superior or inferior to the subject. When this circumstance presents itself, appropriate adjustments are made.*

18



# Appraisal Report

### 475 Lakeview Dr
### Spring Grove, PA 17362

**Best Appraisal Group, Inc.**
**(717) 225-5695**
www.bestappraisalgroupinc.com

| Appraised Value as of: | 02/04/2012 |
|---|---|
| $ | 243,500 |

FEATURES

| | | | |
|---|---|---|---|
| Style/Design: | **Colonial** | Lot Size: | **13,368 Sq.Ft.** |
| Living Area (Sq.Ft.): | **2,880** | Neighborhood: | **Lakeview Heights** |
| Total Bedrooms: | **4** | Total Baths: | **2.1** |
| Year Built: | **2007** | Effective Age: | **4** |
| Condition: | **Average** | Date of Report: | **02/12/2012** |

PREPARED FOR

| | |
|---|---|
| Client: | **Upen A. & Madhuri U. Pandya** |
| Address: | **475 Lakeview Dr** |
| City: | **Spring Grove** |
| Phone: | **717-225-5022** |
| E-mail: | **upen82@aol.com** |

State: **PA 17**   Zip: **17362**

Fax:

PREPARED BY

*Michele Rae Best*

Appraiser's Signature

Name: **Michele Rae Best/PA Certified Reside**
Certification: **PA Certified Res RE Appraiser**
Certification or License #: **RL001776L**
Expiration Date: **6/30/2013**   ST: **PA**
E-mail: **michele.best@comcast.net**

FILING

Client File #:

Appraiser File #: **MRB: 9721/R**

The value opinion expressed above is only valid in conjunction with the attached appraisal report. This value opinion may be subject to Hypothetical Conditions and/or Extraordinary Assumptions as indicated in the body of the report. A true and complete copy of this Summary Appraisal Report contains ___21___ pages.

GP CONSUMER SF   Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
FNMLGPCSF   GPCSF Doc Win TOTAL appraisal software by a la mode, inc. 1-800-ALAMODE   10/2007

# RESIDENTIAL APPRAISAL SUMMARY REPORT
## SUBJECT PROPERTY IDENTIFICATION

Property Address:     475 Lakeview Dr
State:  PA     Zip Code:  17362     County:  York     City:  Spring Grove
Legal Description of Real Property:     See Attached Deed and Parcel Map     Jackson Township
Tax Assessor's Parcel #:     67-33-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-00-00000
Special Assessments: $     None Known     R.E. Taxes: $  8,422 (Est)     Tax Year:  2012
     Current Owner of Record:     Pandya, Madhuri U. & Upen A.
Occupancy:  [X] Owner     [ ] Tenant     [ ] Vacant     Current Occupant (if occupied):     Pandya, Madhuri U. & Upen A.
Project Type (if applicable):     [ ] Planned Unit Development     [ ] Condominium     [ ] Cooperative     [ ]
Home Owners' Association Membership Fees (if applicable):     $  0     [ ] per year     [ ] per month
Market Area Name:  Lakeview Heights     Map Reference:  49620     Census Tract:  42133-0205.22

## ASSIGNMENT

The purpose of this appraisal is to develop a Current opinion of Market Value (as defined elsewhere in this report).
Property Rights Appraised:  [X] Fee Simple     [ ] Leasehold     [ ] Leased Fee     [ ] Other (describe)
Intended Use:     Opinion of market value, in as is condition as of effective date, for purposes of asset management
Intended User(s) (by name or type):     Upen A. & Madhuri U. Pandya
Client:  Upen A. & Madhuri U. Pandya     Address:  475 Lakeview Dr, Spring Grove, PA 17 17362
Appraiser:  Michele Rae Best/PA Certified Res     Address:  40 West Hanover Street, Spring Grove, PA 17362

## MARKET AREA DESCRIPTION

Location:     [ ] Urban     [X] Suburban     [ ] Rural     Built Up:     [X] Over 75%     [ ] 25-75%     [ ] Under 25%
Growth Rate:     [ ] Rapid     [ ] Stable     [X] Slow     Property Values:     [ ] Increasing     [ ] Stable     [X] Declining
Demand/Supply:     [ ] Shortage     [ ] In Balance     [X] Over Supply     Marketing Time:     [ ] Under 3 Mos.     [ ] 3-6 Mos.     [X] Over 6 Mos.
Typical One-Unit
Housing Ranges:     Price: ($)  Low  170,000     High  238,500     Predominant  200,000
     Age: (yrs.)  Low  3     High  7     Predominant  5
Present Land Use:  One-Unit:  95 %     2-4 Unit:  0 %     Multi-Unit:  0 %     Comm'l:  0 %     Undeveloped  5 %
Change in Land Use:  [X] Not Likely     [ ] Likely *     [ ] Is Changing *     * To:
Market Area Comments:
     See Neighborhood Description/Market Analysis Addenda.

## SALE / TRANSFER / LISTING HISTORY OF SUBJECT PROPERTY

My research:  [ ] Did  [X] Did not     reveal any prior sales or transfers of the subject property for the three years prior to the Effective Date of this
appraisal. Data Source(s):  RAYAC MLS,  Deed

|  | 1st Prior Sale / Transfer | 2nd Prior Sale / Transfer | 3nd Prior Sale / Transfer |
|---|---|---|---|
| Date of Prior Sale / Transfer: | 03/16/2007 | 12/14/2006 | |
| Price of Prior Sale / Transfer: | $404,366 | $60,429 (lot only) | |
| Source(s) of Prior Sale / Transfer Data: | Deed | Tax Records | |

Analysis of sale / transfer history, any current agreements of sale or listing, and listing history (if relevent):
     Subject was purchased at height of market from Ryan Homes as a new construction. Values began to decline 2008 and
continue to do so due to competition from increasing number of REO sales and listings as well as competition from
Keystone Builders at Farm Lane/Stonewood, offering lower priced homes in order to close out those developments.
Client:  Upen A. & Madhuri U. Pandya     Client File No.:     Appraiser File No.:  MRB: 9721/R

GP CONSUMER SF     Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPCSF — "WINTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

# RESIDENTIAL APPRAISAL SUMMARY REPORT
## SITE DESCRIPTION

| | | | | |
|---|---|---|---|---|
| Dimensions: | See Attached Deed | | Site Area: | 13,368 Sq.Ft. |

Zoning Classification: R3 HD Residential    Zoning Description: SFR permitted by right, minimum lot 8,000 sq ft

Zoning Compliance: ☒ Legal    ☐ Legal Non-Conforming (Grandfathered)    ☐ Illegal    ☐ No Zoning Regulations

Deed Restrictions: Are Covenants, Conditions, & Restrictions (CC&Rs) applicable?    ☐ Yes    ☒ No    ☐ Unknown

Have the documents been reviewed?    ☐ Yes    ☐ No    ☒ N/A    Ground Rent (if applicable)    $ _____ / _____

Comments: No HOA

Highest & Best Use, as improved, is the:    ☒ Present use, or    ☐ Other use (explain)    Highest and best use is as developed
with single family detached residence

Characteristics:
| | | | | |
|---|---|---|---|---|
| | Topography: | Level | Size: | Typical for neighborhood |
| | Shape: | Rectangular | Drainage: | Appears Adequate |
| | View: | Residential | Landscaping: | Average |

Other features: ☒ Inside Lot    ☐ Corner Lot    ☐ Cul de Sac    ☒ Underground Utilities    ☐

Utilities:
| | Public | Other | Provider/Description | Off-site Improvements: | Type | Public | Private |
|---|---|---|---|---|---|---|---|
| Electricity: | ☒ | ☐ | 200 Amps | Street: | Macadam | ☒ | ☐ |
| Gas: | ☐ | ☒ | Propane | Curb/Gutter: | Concrete | ☒ | ☐ |
| Water: | ☒ | ☐ | | Sidewalk: | Concrete | ☒ | ☐ |
| Sanitary Sewer: | ☒ | ☐ | | Alley: | None | ☐ | ☐ |

Is the property or the improvements located in a FEMA Special Flood Hazard Area?    ☐ Yes    ☒ No

FEMA Flood Zone: X    FEMA Map # 42133C0295E    FEMA Map Date: 09/25/2009

Site Comments:
No conditions considered adverse to marketability were noted.  Appraiser has not performed a title search; value is subject
to any interests, adverse easements, restrictions, encroachments or covenants exhibited in title or survey.

## DESCRIPTION OF THE IMPROVEMENTS

General Description:    # of Units: 1    ☐ + Accessory Unit    # of Stories: Two    Design (Style): Colonial

Type: ☒ Detached    ☐ Attached    ☐ _____    Status: ☒ Existing    ☐ Proposed    ☐ Under Construction

Actual Age (years): 5    Effective Age (years): 4    Year Built: 2007

Exterior Description:
| | | | |
|---|---|---|---|
| Foundation: | Poured Concrete | Exterior Walls: | Vinyl Siding |
| Roof Surface: | Comp Shingle | Gutters & Downspouts: | Metal/Metal |
| Window Type(s): | Single Hung T/Pane | Storm / Screens: | Yes |

Heating System: Fwa    Cooling System: Cac

Car Storage: ☐ None    ☒ Garage    ☐ Carport    ☐ Driveway  (Surface: Macadam )    Total # of Cars: 2

Livable area above grade contains: 9 Rooms, 4 Bedrooms, 2.1 Bath(s), and 2,880 Sq.Ft. of GLA

Describe Additional Features and Improvements:
Tract quality  Ryan home of panelized construction and builder grade options. Family room with gas log fireplace; oak
kitchen cabinets with Corian countertops and center island.  Master bath has shower, soaking tub and ceramic flooring.
Builder grade hardwood in foyer and 1/2 bath; builder grade vinyl in kitchen and sunroom,  builder grade carpet in living
room, dining room, family room and bedrooms. Finished basement with rec room, full bath and media room.

| | | | |
|---|---|---|---|
| Client: Upen A. & Madhuri U. Pandya | Client File No.: | Appraiser File No.: | MRB: 9721/R |

GP CONSUMER SF    Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPCSF_LT — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE    10/2007

# RESIDENTIAL APPRAISAL SUMMARY REPORT
## SALES COMPARISON APPROACH TO VALUE

For the Sales Comparison Approach, the appraiser selects comparable sales that they consider the best matches to the subject in terms of physical characteristics, physical proximity, and time of sale. The appraiser then makes adjustments to the known sale price of each comparable sale to account for differences that are recognized by the market. For example, if the subject has a single bathroom but a comparable has 2, the comparable's sale price would be reduced by the attributable value given to the extra bathroom based on the market's reaction. Likewise, if a comparable sale has a smaller square footage than the subject, its sale price would be adjusted upward in the same manner. By weighting and reconciling these adjusted sales prices together, an opinion of value for the subject can be determined. Gross living area is that area above grade, finished, heated and floored. Basement finish is a separate line item.

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 475 Lakeview Dr | 286 Courtney Ct | | 261 Courtney Ct | | 235 Lakeview Dr | |
| | Spring Grove, PA 17362 | Spring Grove, PA 17362 | | Spring Grove, PA 17362 | | Spring Grove, PA 17362 | |
| Proximity to Subject | | 0.19 miles NE | | 0.22 miles NE | | 0.28 miles NE | |
| Sale Price | $ N/A | $ 176,400 | | $ 180,000 | | $ 238,500 | |
| Sale Price / GLA | $ /Sq.Ft. | $ 67.48/Sq.Ft. | | $ 69.10/Sq.Ft. | | $ 86.60/Sq.Ft. | |
| Data Source(s) | Pub Recds/Insp | Pub Recds/MLS 21103547 | | Pub Recds/MLS 21107296 | | Pub Recds/MLS | |
| ADJUSTMENT ITEMS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | None Known | Conv/REO | 0 | Cash/REO | 0 | Cash/REO | 0 |
| Concessions | | None | | None | | None | |
| Date of Sale / Time | N/A | 02/22/2011 | | 08/09/2011 | | 06/24/2011 | |
| Rights Appraised | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Location | Lakeview Hghts | Lakeview Hghts | | Lakeview Hghts | | Lakeview Hghts | |
| Site | 13,368 SqFt/Lvl | 13,503 SqFt/Slp | +5,000 | 20908Sq.Ft/Slp | +5,000 | 16,552 SqFt/Lvl | -2,500 |
| View | Residential | Residential | | Residential | | Residential | |
| Design (Style) | Colonial | Colonial | | Colonial | | Colonial | |
| Quality of Construction | Tract/Upgrd Kit | Tract/NoUpgrds | +10,000 | Tract/Upgrd Kit | | Tract/Upgrd Kit | |
| Age | 5 Years | 6 Years | 0 | 6 Years | 0 | 5 Years | |
| Condition | Good | Avg/NdsCosmet | +15,000 | Good | 0 | Good | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 9 / 4 / 2.1 | 10 / 5 / 2.1 | | 8 / 4 / 2.1 | | 8 / 4 / 2.1 | |
| Gross Living Area | 2,880 Sq.Ft. | 2,614 Sq.Ft. | +11,970 | 2,605 Sq.Ft. | +12,375 | 2,754 Sq.Ft. | 0 |
| Basement Total Area | 1572sf/1358fin | 1274sf/1152fin | 0 | 672sf/0fin | +10,000 | 1400sf/1100fin | |
| Basement Finish Area | RRm/FB/Media | RRm/FB/Media | | No Finish | +25,000 | RRm/Den | +7,500 |
| Functional Utility | Typical | Cut Up Flr Plan | +25,000 | Typical | | Typical | |
| Heating / Cooling | Fwa/Cac | Fwa/Cac | | Fwa/Cac | | Fwa/Cac | |
| Energy Efficient Items | Standard | Standard | | Standard | | Standard | |
| Garage / Carport | 2C Att Garage | 2C Att Garage | | 2C B/I Garage | +10,000 | 2C Garage | |
| Porch / Patio / Deck | Stoop/Deck | Stp/Deck/Patio | 0 | Stp/Deck | 0 | Stoop/Deck | |
| AMENITIES | 1 F/P | 1 F/P | | No F/P | +2,000 | 1 F/P | |
| AMENITIES | | | | | | | |
| AMENITIES | | | | | | | |
| Net Adjustment (Total) | | ☒+ ☐- $ | 66,970 | ☒+ ☐- $ | 64,375 | ☒+ ☐- $ | 5,000 |
| Adjusted Sale Price | | Net 38.0 % | | Net 35.8 % | | Net 2.1 % | |
| of Comparables | | Gross 38.0 % $ | 243,370 | Gross 35.8 % $ | 244,375 | Gross 4.2 % $ | 243,500 |

Comments on the Sales Comparison Approach:

__See Addendum.__

Appraiser's Indicated Value by the Sales Comparison Approach: $ 243,500

Client: Upen A. & Madhuri U. Pandya    Client File No.:    Appraiser File No.: MRB: 9721/R

GP CONSUMERSF Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPCSF5 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE     10/2007

# RESIDENTIAL APPRAISAL SUMMARY REPORT
## RECONCILIATION

Final Reconciliation of the Approaches to Value:

Considering subjectivity of cost data, the cost approach is not a reliable indicator of value, particularly considering
competing builders slashing prices. The income approach does not apply to single family dwellings in this locale as few are
rented. Sales comparison, after suitable adjustments, is the method utilized in this valuation.

This appraisal is made ☒ "as is"; ☐ subject to completion per plans and specifications on the basis of a Hypothetical
Condition that the improvements have been completed; ☐ subject to the following repairs or alterations on the basis of a
Hypothetical Condition that the repairs or alterations have been completed; ☐ subject to the following required inspection(s)
based on the Extraordinary Assumption that the following condition or deficiency does not require alteration or repair:

☐ This report is also subject to other Hypothetical Conditions or Extraordinary Assumptions as specified elsewhere in this report.

## ATTACHMENTS

A true and complete copy of this report contains __21__ pages, including all exhibits which are considered an integral part of the
report. This appraisal report may not be properly understood without reference to the information contained in the complete report.

Attached Exhibits:

☒ Scope of Work          ☒ Limiting Conditions      ☒ Certifications          ☐
☒ Photograph Addenda     ☒ GPR Report w/3 closed sales  ☒ Map Addenda        ☐
☒ Sketch Addendum        ☒ GLB Privacy Act          ☒ Narrative Addendum (2)  ☐
☒ Parcel Map             ☒ Deed                     ☒ USPAP Identification    ☐

## OPINION OF VALUE

This Opinion of Value may be subject to other Hypothetical Conditions and / or Extraordinary Assumptions, if so indicated above.
Based on the degree of inspection of the subject property as indicated below; the defined Scope of Work for this appraisal
assignment; the attached Statement of Assumptions and Limiting Conditions; and the attached Appraiser's Certifications, my (our)
Current Opinion of the Market Value (or value range), as defined elsewhere in this report, of the real property that is the subject
of this report is: $ 243,500 , as of: 02/04/2012 ,
which is both the Inspection Date and the Effective Date of this appraisal.

## SIGNATURES

**APPRAISER**

**SUPERVISORY APPRAISER (if required)
or CO-APPRAISER (if applicable)**

*Michele Rae Best*

Appraiser Name: Michele Rae Best/PA Certified Residential R
Company: Best Appraisal Group, Inc.
Phone: (717) 225-5695       Fax: (717) 225-0461
E-mail: michele.best@comcast.net
Date of Report (Signature): 02/12/2012
License or Certification #: RL001776L        State: PA
Certification: PA Certified Res RE Appraiser
Expiration Date of License or Certification: 6/30/2013
Inspection of Subject: ☒ Interior & Exterior ☐ Exterior Only ☐ None
Date of Inspection:           02/04/2012

Client: Upen A. & Madhuri U. Pandya    Client File No.:

Supervisory or
Co-Appraiser Name:
Company:
Phone:                Fax:
E-mail:
Date of Report (Signature):
License or Certification #:            State:
Certification:
Expiration Date of License or Certification:
Inspection of Subject: ☐ Interior & Exterior ☐ Exterior Only ☐ None
Date of Inspection:

Appraiser File No.:    MRB: 9721/R

GP CONSUMERSF

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPCSSF — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE    10/2007

The development of Lakeview Heights is a Ryan Homes development built to attract Maryland buyers. Most of these homes were sold through Ryan's wholly owned lender, NVR, a "preferred lender" partnership with Countrywide. Many of the loans issued were sub-prime, with risky lending terms, such as no-doc loans or exploding ARM mortgages. As these exploding ARM loans reset, the market was starting into decline. The bulk of sales in this development are REO or short sales, with the few market sales reduced to compete with these offerings. Of the 3 available sales in the development within the past year, 3 were REO or short sales. Of the 7 active listings, 5 are REO or short sale offerings with the 2 arms length offerings languishing on the market with little interest. Throughout York and Adams Counties, Ryan Homes are showing a more marked decline than homes built by local builders.

Day to day shopping needs are available in Spring Grove Borough, with major shopping and entertainment amenities available in York and Hanover. North of Spring Grove Borough and south of Route 30, bounded on the west by Lake Road and on the east by Roths Church Road..

**MARKET ANALYSIS:**

Over the past 10 years, this market has been heavily impacted by Maryland buyers seeking PA's lower cost housing and more suburban, less metro amenities. This buying frenzy was heavily influenced by risky lending terms and a variety of exotic loan programs catering to sub-prime, minimally qualified borrowers. With the current recession and job security worries, this stream of buyers has slowed substantially, creating a buyers market and severely slowing sales. Ultra-conservative lending policies, despite government bailouts to loosen credit, are further limiting sales as few buyers are able to qualify for loans. Lender reluctance to complete mortgage modification loans and co-operate on short sales is further depressing an already stressed market, adding to foreclosure activity and declining values.

Tracking MLS sales 2008 through 2011, a decline in neighborhood values is evident. Further adding to the decline in values is the bankruptcy of Gemcraft Builders, with Keystone Homes taking over the 90+~ remaining lots in Farm Lane Estates and Stone Crossing. These homes start at a base price of $140,000, with incentives and closing cost assistance. J.A. Myers, still building at Jackson Heights, is offering sales incentives and closing cost assistance as well as reduced pricing. New homes and resales languish on the market in the competing development of Pahagaco Hills. Existing homes must now compete with new construction at reduced pricing or REO/short sales. Sales in this development prior to 2008 were all builder direct, with no MLS exposure.

Neighborhood MLS sales history, 2 story detached resales:

02/04/2008 - 02/04/2009
2 resales, median list price $377,865, median sold price $358,000 median days on market 103

02/04/2009 - 02/04/2010
3 resales, all REO/short sales. median list price $259,000, median sales price $245,000, median days on market 101

02/04/2010 - 02/04/2011
4 resales, all REO/short sales, median list price $214,900, median sales price $220,250, median days on market 63

04/04/2011 - 02/04/2012

4 resales, all REO sales, median list price $189,900, median sales price $178,200, median days on market 84

Current active listings, 2 story detached:

4 active listings, median list price $263,900, median days on market 154. Of the 4 actives, 3 are being offered by their owners trying to attain somewhat market prices. These 3 offerings have languished on the market with little to no interest. The 4th active listing is a short sale, on the market for 322 days.

REO sales have decimated the values in this development, as well as the rest of the general Spring Grove area. Buyers are aware of "shadow inventory" and will not pay above REO pricing as they are aware other REO sales will come on the market. This development has suffered a 35% - 40% decline in values due to the heavy foreclosure activity, typical in developments built by national builders partnering with "preferred lenders". Despite lender attempts to refurbish these REO properties and make them move-in ready, their REO pricing has made these sales the standard for pricing and values. While REO/short sales are not typically considered market value, in developments such as the subject where there have been no market sales, REO/short sales have become market value. Investors are not buying in this development as they are well aware of the pricing and know they can not buy at REO pricing and turn around and sell at anything above that pricing. With no profit incentive, investors are by-passing this development and others like it.

In arriving at opinion of value, all sales have been weighted but with most weight given to sale 3. GLA of comparable sales is based on assessor perimeter measurements with estimated square footage of open 2 story foyers deducted.

While REO and short sales have not traditionally been considered to meet the definition of market value, in the current economic climate, many neighborhoods have a disproportionate number of such sales, indicating they have now become the market and sales with which existing homes must compete.

Given the reduced pricing and shortcuts being taken by builders to compete with such pricing, a Cost Approach to Value is not reliable. Likewise, an Income Approach to Value is not credible as most of these homes are not rented. If rented, they typically are rented for less than mortgage payments.

Comments on Cost Approach:

Panelized construction is equivalent in quality to the Marshall Swift rating of "average" quality.

| | |
|---|---|
| Site value | $ 60,000 (based on builder lot breakout pricing) |
| Dwelling - $69.92/sq ft | 201,369 |
| Basement - 16.89/sq ft | 26,552 |
| Garage - 24.58 /sq ft | 10,323 |
| Porches | 5,500 |
| Fin Bsmnt $30.00/sq ft | 49,740 |
| Site Improvements | 3,500 |
| | |
| Total | $356,984 |
| Physical Depreciation | -10,709 |
| | |
| Total | $346,275 |
| External Depreciation | - 100,000 |
| | |
| Cost Approach to value | $246,275 |

Sale 1: This sale had some items of damage at time of sale; walls in need of paint, carpets in need of cleaning, kitchen island was removed leaving damage to the vinyl flooring and requiring replacement of island and/or new vinyl flooring. This sale had a very cut-up floor plan and more rooms than typical for gla. This sale was originally purchased 03/27/2006 as a new build for $278,365.

Sale 2: This sale suffered functional obsolescence due to partial basement and basement built-in garage. This configuration is atypical for 2 story Colonial homes, with basement stairs having to be negotiated every time the owners pull into the garage. This sale was originally purchased as a new build 11/03/2006 for $320,969. New paint, floor coverings and new garage door were installed prior to sale.

Sale 3: This sale is the most similar to the subject in size and floor plan and required the least amount of adjustments and has been given the most weight. This sale was originally purchased as a new build 10/06/2006 for $334,840. New paint and floor coverings were installed prior to sale.

There was one other available sale in the development, 6400 Lauren Ln, 2949 gla, 9/4/2.1, finished basement rec room, sold for $170,000 with $5,950 seller paid costs, REO sale. This sale has not been used for comparison purposes due to damage to property from a hole in the roof, with dwelling vacant and water damage through roof for nearly 2 years. The bank finally had the roof repaired, but the interior damage remained. The extent of the damage is unknown, therefore, I have not considered this sale.

While I inspected all sales from the exterior, MLS photos have been used to illustrate condition and appearance at time of listing and subsequent sale. Higher dollar/percentage adjustments are due to features, amenities and market reaction of these available sales in comparison to the subject.

Exposure time, given the current market, is estimated at 120 - 210 days, based on prior sales and current listings.

# Photograph Addendum

| Client | Upen A. & Madhuri U. Pandya | | | |
|---|---|---|---|---|
| Property Address | 475 Lakeview Dr | | | |
| City | Spring Grove | County York | State PA | Zip Code 17362 |
| Owner | Pandya, Madhuri U. & Upen A. | | | |



**Right Front**



**Left Front**



**Left Rear**



**Right Rear**



**Street East**



**Street West**

# Comparable Photo Page

| | |
|---|---|
| Client | Upen A. & Madhuri U. Pandya |
| Property Address | 475 Lakeview Dr |
| City | Spring Grove | County York | State PA | Zip Code 17362 |
| Owner | Pandya, Madhuri U. & Upen A. |



## Comparable 1

286 Courtney Ct

| | |
|---|---|
| Prox. to Subject | 0.19 miles NE |
| Sales Price | 176,400 |
| Gross Living Area | 2,614 |
| Total Rooms | 10 |
| Total Bedrooms | 5 |
| Total Bathrooms | 2.1 |
| Location | Lakeview Hghts |
| View | Residential |
| Site | 13,503 SqFt/Slp |
| Quality | Tract/NoUpgrds |
| Age | 6 Years |



## Comparable 2

261 Courtney Ct

| | |
|---|---|
| Prox. to Subject | 0.22 miles NE |
| Sales Price | 180,000 |
| Gross Living Area | 2,605 |
| Total Rooms | 8 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.1 |
| Location | Lakeview Hghts |
| View | Residential |
| Site | 20908Sq.Ft/Slp |
| Quality | Tract/Upgrd Kit |
| Age | 6 Years |



## Comparable 3

235 Lakeview Dr

| | |
|---|---|
| Prox. to Subject | 0.28 miles NE |
| Sales Price | 238,500 |
| Gross Living Area | 2,754 |
| Total Rooms | 8 |
| Total Bedrooms | 4 |
| Total Bathrooms | 2.1 |
| Location | Lakeview Hghts |
| View | Residential |
| Site | 16,552 SqFt/Lvl |
| Quality | Tract/Upgrd Kit |
| Age | 5 Years |

# Building Sketch

| Client | Upen A. & Madhuri U. Pandya | | | |
|---|---|---|---|---|
| Property Address | 475 Lakeview Dr | | | |
| City | Spring Grove | County York | State PA | Zip Code 17362 |
| Owner | Pandya, Madhuri U. & Upen A. | | | |



Comments:

## AREA CALCULATIONS SUMMARY

| Code | Description | Net Size | Net Totals |
|---|---|---|---|
| GLA1 | First Floor | 1572.0 | 1572.0 |
| GLA2 | Second Floor | 1308.0 | 1308.0 |
| BSMT | Basement | 1572.0 | 1572.0 |
| P/P | Deck | 192.0 | |
| | Stoop | 24.0 | 216.0 |
| GAR | Garage | 440.0 | 440.0 |

Net LIVABLE Area          (Rounded)          2880

## LIVING AREA BREAKDOWN

| Breakdown | | Subtotals |
|---|---|---|
| First Floor | | |
| 22.0 x | 22.0 | 484.0 |
| 25.0 x | 30.0 | 750.0 |
| 1.0 x | 13.0 | 13.0 |
| 5.0 x | 29.0 | 145.0 |
| 10.0 x | 18.0 | 180.0 |
| Second Floor | | |
| 19.0 x | 46.0 | 874.0 |
| 13.0 x | 14.0 | 182.0 |
| 5.0 x | 21.0 | 105.0 |
| 7.0 x | 21.0 | 147.0 |

9 Items          (Rounded)          2880

# Parcel Map



# Location Map

| Client | Upen A. & Madhuri U. Pandya | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 475 Lakeview Dr | | | | | |
| City | Spring Grove | County | York | State | PA | Zip Code | 17362 |
| Owner | Pandya, Madhuri U. & Upen A. | | | | | |



IN RE **Pandya, Upen A. & Pandya, Madhuri U.** _____ Case No. _____
<p style="text-align:center">Debtor(s)                                           (If known)</p>

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | **Cash on Hand** | J | **2,500.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account #0012**<br>**PSECU**<br>**PO Box 67013**<br>**Harrisburg, PA 17106** | J | 704.49 |
| | | **Checking Account #1964**<br>**Metro Bank**<br>**3801 Paxton Street**<br>**Harrisburg, PA 17111** | W | 350.28 |
| | | **Checking Account #5586**<br>**Adams County National Bank**<br>**PO Box 3129**<br>**Gettysburg, PA 17325** | J | 0.00 |
| | | **Checking Account #6621**<br>**PSECU**<br>**PO Box 67013**<br>**Harrisburg, PA 17106** | J | 0.00 |
| | | **Checking Account #6959**<br>**Members First**<br>**PO Box 40**<br>**5000 Louise Drive**<br>**Mechanicsburg, PA 17055** | J | 7.66 |
| | | **Savings Account #0012**<br>**PSECU**<br>**PO Box 67013**<br>**Harrisburg, PA 17106** | J | 657.30 |
| | | **Savings Account #6959**<br>**Members First**<br>**PO Box 40**<br>**5000 Louise Drive**<br>**Mechanicsburg, PA 17055** | J | 0.03 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | **Household Goods**<br>**See Attached List** | J | 1,377.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.**                Case No. _____
_____
                Debtor(s)                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6.  Wearing apparel. | | **Men's Clothing** | **H** | **400.00** |
| | | **Women's Clothing** | **W** | **600.00** |
| 7.  Furs and jewelry. | | **Jewelry** | **J** | **1,150.00** |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issue. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **State Employees' Retirement System through current employer 30 North Third Street Harrisburg, PA  17101** | **H** | **43,000.00** |
| | | **State Employees' Retirement System through current employer 30 North Third Street Harrisburg, PA  17101** | **W** | **35,000.00** |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | | **"I" & "E" Bonds** | **H** | **1,100.00** |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.**                    Case No. _____

                           Debtor(s)                                                  (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1994 Geo Prizm**<br>**Value per Debtor** | H | 500.00 |
| | | **2006 Honda Odyssey**<br>**Value per Kelley Blue Book**<br>**See Attached** | W | 14,588.00 |
| | | **2008 Honda CRV**<br>**Value per Kelley Blue Book**<br>**See Attached** | W | 14,533.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | | **Business Inventory**<br>**See Attached List** | J | 4,400.00 |
| 31. Animals. | | **Dog & Bird** | J | 150.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **TOTAL** | **121,017.76** |

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____**4** continuation sheets attached

## Household goods, supplies and furnishings Values of Madhuri Pandya and Upen Pandya at 475 Lakeview Drive, PA 17362

| Object | Total |
|---|---|
| Beds | $175.00 |
| Dressers | $50.00 |
| Nightstands | $15.00 |
| Televisions | $175.00 |
| Lamps | $25.00 |
| Sofas | $150.00 |
| Chairs | $60.00 |
| Corner Tables | $24.00 |
| Center Tables | $40.00 |
| Fans | $18.00 |
| Dining Table | $50.00 |
| Microwave | $10.00 |
| Refrigerator | $75.00 |
| Dishware | $10.00 |
| Kitchen pots/pans/cookware | $25.00 |
| Eating/cooking utensils | $10.00 |
| Small electric appliances | $25.00 |
| Desk | $10.00 |
| Printers | $15.00 |
| Fax Machine | $10.00 |
| Paper Shredder | $5.00 |
| Wireless Internet Router | $30.00 |
| Computer | $50.00 |
| Labtop | $50.00 |
| Landline Phone | $5.00 |
| Bookshelves | $25.00 |
| Dvd | $15.00 |
| Gaming System | $25.00 |
| Video Games | $25.00 |
| Lawn Mover | $25.00 |
| Tools | $75.00 |
| Misc. Electronics | $75.00 |
| **Grand Total** | **$1,377.00** |

Jefferson Motel Inventory

Furniture Plus Bathroom Accessories - $250.00
Blankets, bedding, curtains, bath towels - $1,250.00
Dish Network & Receivers - $550.00
TV's - $250.00
Microwaves - $250.00
Air Conditioners - $750.00
Refrigerators - $250.00
Credit Card Machine - $750.00
Washer & Dryer – $100.00



home | car values | cars for sale | car reviews | kbb top picks | research tools

Find car values or features

Popular at KBB.com

10 Coolest Cars Under $18,000

Home > Car Values > Honda > Odyssey > 2006 > Style > Options > Touring Minivan 4D

Honda | Odyssey | 2006 | go

# Trade-In Sell Values  Show Used Car Prices

See Used Car Prices

## 2006 Honda Odyssey
### Touring Minivan 4D

edit options | change style    Mileage: 75000  change    Like this car

### Trade-In Value    Private Party Value

**Excellent**
$15,4 3 8

**Very Good**
$15,1 8 8

**Good**
$14,5 8 8
Verify Condition

**Fair**
$1 .0

Shop for your next car    price a new car

Instant Trade-In Offer    get the offer

**4.5** Out of 5    Own it? Love it?    review this car

### New Cars ou Might Like

2012 Honda Odyssey    view

2012 Toyota Sienna    view

2012 Dodge Grand Caravan Passenger    view

### eller's esources

I want to list my car for sale
Place an ad on AutoTrader.com    ▶

What if my credit's not perfect?
Apply with a specialist now    ▶

How much can I afford?
Use our monthly payment calculator    ▶

## How to Get the Most for our Car

Know Your Car Specs

Sell Like a Pro Expert Tips

List Your Car Online

See What Other Cars Are Worth

### Top 10s & News

• 10 Coolest Cars under $18,000 – 2011
• Big Things From Small Cars: Four new...

## 3 Easy ays to ell our Car ast

Get a Free Trade-In Offer

get instant offer



home | car values | cars for sale | car reviews | kbb top picks | research tools

Find car values or features

Popular at KBB.com

10 Coolest Cars Under $18,000

Home > Car Values > Honda > CR-V > 2008 > Style > Options > EX Sport Utility 4D

| Honda | CR-V | | 2008 | go |

# Trade-In Sell Values   Show Used Car Prices

See Used Car Prices

## 2008 Honda CR-V
### EX Sport Utility 4D

edit options | change style

Mileage: 105000   change     Like this car

| Trade-In Value | Private Party Value |
|---|---|

**Excellent** $15,4 8 3

**Very Good** $14,9 8 3

**Good** $14,5 3 3 Verify Condition

**Fair** $12,9

Shop for your next car — price a new car

Instant Trade-In Offer — get the offer

**4.5** Out of 5 | Own it? Love it? | review this car

# How to Get the ost for our Car

Know Your Car Specs | Sell Like a Pro Expert Tips | List Your Car Online | See What Other Cars Are Worth

3 Easy ays to Sell our Car ast

List it on Autotrader.com

### New Cars ou ight Like

2011 Honda CR-V      view

2011 Ford Escape      view

2011 Toyota RAV4      view

### Seller's Resources

I want to list my car for sale
Place an ad on AutoTrader.com ▶

What if my credit's not perfect?
Apply with a specialist now ▶

How much can I afford?
Use our monthly payment calculator ▶

### Top 10s & News

• 10 Coolest Cars under $18,000 - 2011
• Big Things From Small Cars: Four new...

Share   Print   My Recently Viewed   My Saved Cars   save   My KBB   ZIP Code: 17364   Sign In

ww.kbb.com/honda/cr-v/2008-honda-cr-v/ex-sport-utility-4d/?vehicleId=19...

Case 1:12-bk-02950-MDF   Doc 1   Filed 05/14/12   Entered 05/14/12 16:49:19   Desc
Main Document      Page 62 of 89

IN RE **Pandya, Upen A. & Pandya, Madhuri U.**      Case No. _____
                           Debtor(s)                                     (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds $146,450. *
(Check one box)

☑ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---:|---:|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Cash on Hand** | **11 USC § 522(d)(5)** | **1,200.00** | **2,500.00** |
| | **11 USC § 522(d)(5)** | **1,300.00** | |
| **Checking Account #0012** **PSECU** **PO Box 67013** **Harrisburg, PA  17106** | **11 USC § 522(d)(5)** | **704.49** | **704.49** |
| **Checking Account #1964** **Metro Bank** **3801 Paxton Street** **Harrisburg, PA  17111** | **11 USC § 522(d)(5)** | **350.28** | **350.28** |
| **Checking Account #6959** **Members First** **PO Box 40** **5000 Louise Drive** **Mechanicsburg, PA  17055** | **11 USC § 522(d)(5)** | **7.66** | **7.66** |
| **Savings Account #0012** **PSECU** **PO Box 67013** **Harrisburg, PA  17106** | **11 USC § 522(d)(5)** | **657.30** | **657.30** |
| **Savings Account #6959** **Members First** **PO Box 40** **5000 Louise Drive** **Mechanicsburg, PA  17055** | **11 USC § 522(d)(5)** | **0.03** | **0.03** |
| **Household Goods** **See Attached List** | **11 USC § 522(d)(3)** | **1,377.00** | **1,377.00** |
| **Men's Clothing** | **11 USC § 522(d)(3)** | **400.00** | **400.00** |
| **Women's Clothing** | **11 USC § 522(d)(3)** | **600.00** | **600.00** |
| **Jewelry** | **11 USC § 522(d)(4)** | **1,150.00** | **1,150.00** |
| **State Employees' Retirement System** **through current employer** **30 North Third Street** **Harrisburg, PA  17101** | **11 USC § 522(d)(12)** | **43,000.00** | **43,000.00** |
| **State Employees' Retirement System** **through current employer** **30 North Third Street** **Harrisburg, PA  17101** | **11 USC § 522(d)(12)** | **35,000.00** | **35,000.00** |
| **"I" & "E" Bonds** | **11 USC § 522(d)(5)** | **1,100.00** | **1,100.00** |
| **1994 Geo Prizm** **Value per Debtor** | **11 USC § 522(d)(2)** | **500.00** | **500.00** |
| **2006 Honda Odyssey** **Value per Kelley Blue Book** **See Attached** | **11 USC § 522(d)(5)** | **1,807.00** | **14,588.00** |
| **2008 Honda CRV** **Value per Kelley Blue Book** **See Attached** | **11 USC § 522(d)(2)** | **2,784.00** | **14,533.00** |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Pandya, Upen A. & Pandya, Madhuri U.      Case No. _____
<br>_____ Debtor(s)      (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **Business Inventory**<br>**See Attached List** | **11 USC § 522(d)(5)** | **4,400.00** | **4,400.00** |
| **Dog & Bird** | **11 USC § 522(d)(3)** | **150.00** | **150.00** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6D (Official Form 6D) (12/07)

IN RE **Pandya, Upen A. & Pandya, Madhuri U.**                    Case No. _____
                     Debtor(s)                                                        (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **2367**<br><br>**Adams County National Bank**<br>**PO Box 3129**<br>**Gettysburg, PA  17325** | | J | **07/02 - Mortgage**<br>**Real Estate:**<br>**6408 Lincoln Highway West**<br>**Thomasville, PA  17364**<br>**<<<Surrender>>>**<br>VALUE $ **247,500.00** | | | | **272,949.98** | **25,449.98** |
| ACCOUNT NO. **5273**<br><br>**Bank Of America**<br>**CA6-919-01-41**<br>**PO Box 5170**<br>**Simi Valley, CA  93062** | | J | **12/09 - First Mortgage**<br>**Residence:**<br>**475 Lakeview Drive**<br>**Spring Grove, PA  17362**<br><br>VALUE $ **219,150.00** | | | | **321,895.00** | **102,745.00** |
| ACCOUNT NO. **3708**<br><br>**Bank Of America**<br>**PO Box 5170**<br>**Simi Valley, CA  93062** | | J | **03/07 - Second Mortgage**<br>**Residence:**<br>**475 Lakeview Drive**<br>**Spring Grove, PA  17362**<br><br>VALUE $ **219,150.00** | | | | **80,457.36** | **80,457.36** |
| ACCOUNT NO. **0012**<br><br>**PSECU**<br>**PO Box 67013**<br>**Harrisburg, PA  17106** | | J | **10/06 - Automobile Loan**<br>**2006 Honda Odyssey**<br><br><br>VALUE $ **14,588.00** | | | | **12,781.00** | |

_____**1** continuation sheets attached

Subtotal<br>(Total of this page) $ **688,083.34** | $ **208,652.34**

Total<br>(Use only on last page) $ | $

(Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Pandya, Upen A. & Pandya, Madhuri U.        Case No. _____

                Debtor(s)                                                (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **0012** <br><br>**PSECU<br>PO Box 67013<br>Harrisburg, PA  17106** | | J | **03/08 - Automobile Loan<br>2008 Honda CRV**<br><br><br>VALUE $ **14,533.00** | | | | **11,749.00** | $ |
| ACCOUNT NO.<br><br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | <br><br>VALUE $ | | | | | |

Sheet no. ____**1**____ of ____**1**____ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

                             Subtotal
                   (Total of this page)    $ **11,749.00**    $

                                 Total
            (Use only on last page)    $ **699,832.34**    $ **208,652.34**

                                       (Report also on    (If applicable, report
                                       Summary of    also on Statistical
                                       Schedules.)    Summary of Certain
                                                       Liabilities and Related
                                                        Data.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.**      Case No. _____
<br>_____                              
Debtor(s)                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____**0** continuation sheets attached

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.**                              Case No. _____

_____                                                          _____
                        Debtor(s)                                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7780**<br>**ACS/UBS Real Estate Secu**<br>**501 Bleeker Street**<br>**Utica, NY 13501** | X | J | **09/07 - Student Loan Obligation** | | | | **24,402.00** |
| ACCOUNT NO. **1466**<br>**AES Loan**<br>**PO Box 2461**<br>**Harrisburg, PA 17105** | | W | **09/10 - Student Loan Obligation** | | | | **512.94** |
| ACCOUNT NO. **3448**<br>**AES Loan**<br>**PO Box 2461**<br>**Harrisburg, PA 17105** | | H | **09/08 - Student Loan Obligation** | | | | **37,168.00** |
| ACCOUNT NO. **3531**<br>**AES Loan**<br>**PO Box 2461**<br>**Harrisburg, PA 17105** | | W | **10/09 - Student Loan Obligations** | | | | **54,241.00** |

___**7**___ continuation sheets attached

Subtotal
(Total of this page)                         $ **116,323.94**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)         $ _____

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Pandya, Upen A. & Pandya, Madhuri U. _____ Case No. _____
<div align="center">Debtor(s)                                 (If known)</div>

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> Anne Wagner <br> 6408 Lincoln Highway West, Room 7 <br> Thomasville, PA 17364 | J | | | | | | **unknown** |
| ACCOUNT NO. **1531** <br> Bank Of America <br> C/O FIA Card Services <br> PO Box 982238 <br> El Paso, TX 79998 | | H | 01/11 - Line of Credit | | | | **14,233.26** |
| ACCOUNT NO. <br> Professional Recovery Services Inc. <br> PO Box 1880 <br> Voorhees, NJ 08043 | | | Assignee or other notification for: <br> Bank Of America | | | | |
| ACCOUNT NO. **2787** <br> Capital One <br> PO Box 30281 <br> Salt Lake City, UT 84130 | | H | 01/11 - Credit Card Purchases <br> <<<Judgment>>> | | | | **10,047.00** |
| ACCOUNT NO. <br> The Law Office Of Edwin Abrahamsen <br> 120 North Keyser Avenue <br> Scranton, PA 18504 | | | Assignee or other notification for: <br> Capital One | | | | |
| ACCOUNT NO. <br> United Recovery Systems, LP <br> PO Box 722929 <br> Houston, TX 77272 | | | Assignee or other notification for: <br> Capital One | | | | |
| ACCOUNT NO. **5443** <br> Capital One <br> PO Box 30273 <br> Salt Lake City, UT 84130 | | H | 01/11 - Credit Card Purchases | | | | **910.83** |

Sheet no. **1** of **7** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

<div align="right">

Subtotal
(Total of this page) $ **25,191.09**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

</div>

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.**     Case No. _____

<div align="center">Debtor(s)                (If known)</div>

<div align="center">

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

</div>

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**CACH, LLC**<br>**4340 South Monaco, Second Floor**<br>**Denver, CO 80237** | | | **Assignee or other notification for:**<br>**Capital One** | | | | |
| ACCOUNT NO.<br>**Law Office of Joe Pezzuto, LLC**<br>**4013 East Broadway, Suite A2**<br>**Phoenix, AZ 85040** | | | **Assignee or other notification for:**<br>**Capital One** | | | | |
| ACCOUNT NO.<br>**Scott Lowery Law Office, P.C.**<br>**1422 E. 71st Street, Suite B**<br>**Tulsa, OK 74136** | | | **Assignee or other notification for:**<br>**Capital One** | | | | |
| ACCOUNT NO. **6307**<br>**Chase**<br>**PO Box 15298**<br>**Wilmington, DE 19850** | | W | **12/10 - Credit Card Purchases** | | | | **2,975.29** |
| ACCOUNT NO.<br>**Associated Recovery System**<br>**PO Box 1259 - Dept. 5996**<br>**Oaks, PA 19456** | | | **Assignee or other notification for:**<br>**Chase** | | | | |
| ACCOUNT NO. **0953**<br>**Chase**<br>**PO Box 15298**<br>**Wilmington, DE 19850** | | H | **- Credit Card Purchases** | | | | **4,250.00** |
| ACCOUNT NO. **4809**<br>**CitiBank**<br>**PO Box 18337**<br>**Columbus, OH 43218** | | W | **01/11 - Credit Card Purchases** | | | | **11,978.00** |

Sheet no. ____**2**____ of ____**7**____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

<div align="right">

Subtotal
(Total of this page)   $ **19,203.29**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)   $

</div>

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.** _____ Case No. _____
<div style="text-align:center">Debtor(s)            (If known)</div>

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Northland Group, Inc.**<br>**PO Box 390905**<br>**Minneapolis, MN 55439** | | | **Assignee or other notification for:**<br>**CitiBank** | | | | |
| ACCOUNT NO.<br>**Connie Calderon**<br>**6408 Lincoln Highway West, Room 5**<br>**Thomasville, PA 17364** | | J | | | | | **unknown** |
| ACCOUNT NO. **XXXX**<br>**Credit Bureau Of York, Inc.**<br>**33 S. Duke Street**<br>**York, PA 17401** | | J | **12/10** | | | | **430.00** |
| ACCOUNT NO.<br>**Daniel Linebarier**<br>**6408 Lincoln Highway West, Room 1**<br>**Thomasville, PA 17364** | | J | | | | | **unknown** |
| ACCOUNT NO. **2604**<br>**Discover**<br>**PO Box 15316**<br>**Wilmington, DE 19850** | | W | **12/10 - Credit Card Purchases**<br>**<<<Judgment>>>** | | | | **9,793.91** |
| ACCOUNT NO.<br>**Weltman, Weinberg & Reis**<br>**325 Chestnut Street, Suite 501**<br>**Philadelphia, PA 19106** | | | **Assignee or other notification for:**<br>**Discover** | | | | |
| ACCOUNT NO. **8721**<br>**Discover**<br>**PO Box 15316**<br>**Wilmington, DE 19850** | | H | **01/11 - Credit Card Purchases**<br>**<<<Judgment>>>** | | | | **6,497.64** |

Sheet no. __**3**__ of __**7**__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **16,721.55**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE Pandya, Upen A. & Pandya, Madhuri U.                          Case No. _____
                         Debtor(s)                                              (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> Weltman, Weinberg & Reis <br> 325 Chestnut Street, Suite 501 <br> Philadelphia, PA 19106 | | | Assignee or other notification for: Discover | | | | |
| ACCOUNT NO. 6FD0 <br> FedLoan Servicing <br> PO Box 69184 <br> Harrisburg, PA 17106 | | W | 09/10 - Student Loan Obligation | | | | 44,519.00 |
| ACCOUNT NO. 5411 <br> Home Depot <br> PO Box 653054 <br> Dallas, TX 75265 | | H | 12/10 - Credit Card Purchases | | | | 801.43 |
| ACCOUNT NO. <br> Associated Recovery System <br> PO Box 1259 - Dept. 5996 <br> Oaks, PA 19456 | | | Assignee or other notification for: Home Depot | | | | |
| ACCOUNT NO. <br> James Giuffrida <br> 6408 Lincoln Highway West, Room 6 <br> Thomasville, PA 17364 | | J | | | | | unknown |
| ACCOUNT NO. <br> John Weiss <br> 6408 Lincoln Highway West, Room 4 <br> Thomasville, PA 17364 | | J | | | | | unknown |
| ACCOUNT NO. 3593 <br> Kohl's <br> PO Box 2983 <br> Milwaukee, WI 53201 | | W | 12/11 - Credit Card Purchases | | | | 59.55 |

Sheet no. 4 of 7 continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) $ 45,379.98

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.**      Case No. _____
<div align="center">Debtor(s)                  (If known)</div>

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4296** <br> **Lowes** <br> **PO Box 530914** <br> **Atlanta, GA 30353** | | H | - Credit Card Purchases | | | | 125.00 |
| ACCOUNT NO. **7639** <br> **Members First** <br> **PO Box 40** <br> **5000 Louise Drive** <br> **Mechanicsburg, PA 17055** | | J | 01/11 - Credit Card Purchases | | | | 18,718.00 |
| ACCOUNT NO. <br> **NCO Financial Systems, Inc.** <br> **507 Prudential Road** <br> **Horsham, PA 19044** | | H | | | | | unknown |
| ACCOUNT NO. **1577** <br> **PSECU** <br> **PO Box 67013** <br> **Harrisburg, PA 17106** | | J | 07/09 - Credit Card Purchases | | | | 4,824.00 |
| ACCOUNT NO. **1577** <br> **PSECU** <br> **PO Box 67013** <br> **Harrisburg, PA 17106** | | J | 07/09 - Personal Loan | | | | 1,002.00 |
| ACCOUNT NO. **1577** <br> **PSECU** <br> **PO Box 67013** <br> **Harrisburg, PA 17106** | | J | 07/09 - Personal Loan | | | | 322.00 |
| ACCOUNT NO. **0012** <br> **PSECU** <br> **PO Box 67013** <br> **Harrisburg, PA 17106** | | J | - Credit Card Purchases | | | | 4,666.00 |

Sheet no. ___**5**___ of ___**7**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

<div align="right">
Subtotal <br>
(Total of this page)    $   29,657.00
</div>

<div align="right">
Total <br>
(Use only on last page of the completed Schedule F. Report also on <br>
the Summary of Schedules, and if applicable, on the Statistical <br>
Summary of Certain Liabilities and Related Data.)    $
</div>

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.** _____ Case No. _____
  Debtor(s)                                                                (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **0012**<br>**PSECU**<br>**PO Box 67013**<br>**Harrisburg, PA 17106** | | J | - Credit Card Purchases | | | | 150.00 |
| ACCOUNT NO.<br>**Robert Traettino**<br>**6408 Lincoln Highway West, Room 8**<br>**Thomasville, PA 17364** | | J | | | | | unknown |
| ACCOUNT NO. **5367**<br>**Smith's Septic Service**<br>**1234 Baltimore Street**<br>**Hanover, PA 17331** | | H | 01/09 - Professional Services | | | | 450.00 |
| ACCOUNT NO.<br>**Theresia Moody**<br>**6408 Lincoln Highway West, Room 2**<br>**Thomasville, PA 17364** | | J | | | | | unknown |
| ACCOUNT NO.<br>**Traci Faux**<br>**6408 Lincoln Highway West, Room 3**<br>**Thomasville, PA 17364** | | J | | | | | unknown |
| ACCOUNT NO. **2555**<br>**Verizon**<br>**PO Box 5000**<br>**Silver Spring, MD 20914** | X | H | 01/11 - Utility Services | | | | 35.03 |
| ACCOUNT NO.<br>**Receivable Management Service**<br>**1000 Circle - 75 Parkway, Suite 400**<br>**Atlanta, GA 30339** | | | Assignee or other notification for:<br>Verizon | | | | |

Sheet no. **6** of **7** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **635.03**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.** _____ Case No. _____
　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

<div style="text-align:left">© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only</div>

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. _(See Instructions Above.)_ | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6619** <br><br>**Waste Management**<br>**Receivable Management Services**<br>**PO Box 509 - 4836 Brecksville Road**<br>**Richfield, OH 44286** | | H | 07/11 - Utility Services | | | | **88.21** |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. ____**7**____ of ____**7**____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal (Total of this page) | $ **88.21** |
|---|---|---|
|  | Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ **253,200.09** |

IN RE <u>Pandya, Upen A. & Pandya, Madhuri U.</u>      Case No. _____

<div align="center">Debtor(s)                                 (If known)</div>

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** <u>Pandya, Upen A. & Pandya, Madhuri U.</u>                    Case No. _____
<div align="center">Debtor(s)                                                                                    (If known)</div>

## SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Jefferson Motel**<br>**6408 Lincoln Highway West**<br>**Thomasville, PA  17364**<br><br>**Purva U. Pandya**<br>**475 Lakeview Drive**<br>**Spring Grove, PA  17362** | **Verizon**<br>**PO Box 5000**<br>**Silver Spring, MD  20914**<br><br>**ACS/UBS Real Estate Secu**<br>**501 Bleeker Street**<br>**Utica, NY  13501** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.** _____ Case No. _____

<div align="center">Debtor(s)              (If known)</div>

<div align="center">

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

</div>

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Daughter**<br>**Son** | | AGE(S):<br>**22**<br>**16** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **CPI Specialist** | **Tax Examiner** |
| Name of Employer | **Commonwealth Of Pennsylvania** | **Commonwealth Of Pennsylvania** |
| How long employed | **12 years** | **12 years** |
| Address of Employer | **333 Market Street**<br>**Harrisburg, PA 17105** | **333 Market Street**<br>**Harrisburg, PA 17105** |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---:|---:|
| 1. | Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ 4,200.63 | $ 3,129.75 |
| 2. | Estimated monthly overtime | $ | $ |
| **3.** | **SUBTOTAL** | $ 4,200.63 | $ 3,129.75 |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes and Social Security | $ 873.17 | $ 468.23 |
| | b. Insurance | $ 196.37 | $ 104.93 |
| | c. Union dues | $ | $ 46.95 |
| | d. Other (specify)  **Full Cov Class - Retirement - Mandatory** | $ 262.54 | $ 195.61 |
| | **Deferred Compensation - Retirement - Voluntary** | $ | $ 108.33 |
| **5.** | **SUBTOTAL OF PAYROLL DEDUCTIONS** | $ 1,332.08 | $ 924.05 |
| **6.** | **TOTAL NET MONTHLY TAKE HOME PAY** | $ 2,868.55 | $ 2,205.70 |
| 7. | Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| 8. | Income from real property | $ | $ |
| 9. | Interest and dividends | $ | $ |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | $ |
| 11. | Social Security or other government assistance | | |
| | (Specify) _____ | $ | $ |
| | _____ | $ | $ |
| 12. | Pension or retirement income | $ | $ |
| 13. | Other monthly income | | |
| | (Specify) **Income From 2011 Federal Tax Refund** | $ 841.12 | $ |
| | _____ | $ | $ |
| | _____ | $ | $ |
| **14.** | **SUBTOTAL OF LINES 7 THROUGH 13** | $ 841.12 | $ |
| **15.** | **AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ 3,709.67 | $ 2,205.70 |

**16. COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)

<div align="right">$ 5,915.37</div>

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.** _____ Case No. _____
<div style="text-align:center">Debtor(s)            (If known)</div>

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,942.03 |
|  a. Are real estate taxes included? Yes ✓ No ____ | | |
|  b. Is property insurance included? Yes ✓ No ____ | | |
| 2. Utilities: | | |
|  a. Electricity and heating fuel | $ | 275.00 |
|  b. Water and sewer | $ | 135.00 |
|  c. Telephone | $ | 145.00 |
|  d. Other | $ | |
| | $ | |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 800.00 |
| 5. Clothing | $ | 200.00 |
| 6. Laundry and dry cleaning | $ | 25.00 |
| 7. Medical and dental expenses | $ | 75.00 |
| 8. Transportation (not including car payments) | $ | 675.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| 10. Charitable contributions | $ | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|  a. Homeowner's or renter's | $ | |
|  b. Life | $ | 50.00 |
|  c. Health | $ | |
|  d. Auto | $ | 100.00 |
|  e. Other | $ | |
| | $ | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|  (Specify) | $ | |
| | $ | |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|  a. Auto | $ | 474.97 |
|  b. Other **Second Automobile Payment** | $ | 353.27 |
| | $ | |
| 14. Alimony, maintenance, and support paid to others | $ | |
| 15. Payments for support of additional dependents not living at your home | $ | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | |
| 17. Other **Personal** | $ | 100.00 |
| | $ | |
| | $ | |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $ 5,550.27

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | | |
|---|---|---:|
|  a. Average monthly income from Line 15 of Schedule I | $ | 5,915.37 |
|  b. Average monthly expenses from Line 18 above | $ | 5,550.27 |
|  c. Monthly net income (a. minus b.) | $ | 365.10 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Pandya, Upen A. & Pandya, Madhuri U.** Case No. ____________
Debtor(s) (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **60** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **May 9, 2012** Signature: ***/s/ Upen A. Pandya***
**Upen A. Pandya**
Debtor

Date: **May 9, 2012** Signature: ***/s/ Madhuri U. Pandya***
**Madhuri U. Pandya**
(Joint Debtor, if any)
[If joint case, both spouses must sign.]

---

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

Address

Signature of Bankruptcy Petition Preparer Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the ________________________________ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the ________________________________ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _______ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: ____________________ Signature: ________________________________

(Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# United States Bankruptcy Court
## Middle District of Pennsylvania

**IN RE:**                                                          Case No. _____

Pandya, Upen A. & Pandya, Madhuri U. _____   Chapter **13** _____
<div align="center">Debtor(s)</div>

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

### 1. Income from employment or operation of business

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 0.00 | Joint Year to Date Income from Business<br>**Gross - $16,073.00**<br>**Net - $3,586.75** |
| 28,510.50 | **Joint Year to Date Income from Employment** |
| 0.00 | **2011 Joint Income from Business**<br>**Gross - $26,896.00**<br>**Net - ($37,812.00)** |
| 80,354.00 | **2011 Joint Income from Employment** |
| 0.00 | **2010 Joint Income from Business**<br>**Gross - $41,389.00**<br>**Net - ($28,965.00)** |
| 78,391.00 | **2010 Joint Income from Employment** |

### 2. Income other than from employment or operation of business

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT   SOURCE

| | |
|---:|:---|
| 10,097.00 | **2012 Joint Income from 2011 Tax Refund** |
| 12,613.00 | **2011 Joint Income from 2010 Tax Refund** |
| 784.00 | **2011 Debtor's Income from IRA Distributions** |
| 143.00 | **2010 Debtor's Income from Taxable Interest** |
| 6,971.00 | **2010 Debtor's Income from IRA Distributions** |
| 9,190.00 | **2009 Joint Income from 2009 Tax Refund** |

## 3. Payments to creditors
*Complete a. or b., as appropriate, and c.*

None ☐   *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|:---|:---|---:|---:|
| **PSECU**<br>PO Box 67013<br>Harrisburg, PA 17106 | **$828.24/Monthly** | 0.00 | 24,530.00 |
| **Bank Of America**<br>CA6-919-01-41<br>PO Box 5170<br>Simi Valley, CA 93062 | **$1942.03/Monthly** | 0.00 | 321,895.00 |

None ☑   *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑   *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|:---|:---|:---|:---|
| **Capital One Bank, Plaintiff vs. Upen A. Pandya, Defendant Case No.: MJ-19307-CV-0000397-2011 Case No.: 2012-NO-000171-31** | **Civil - Collection** | **Commonwealth of Pennsylvania, County of York transferred to Court of Common Pleas, York County, Pennsylvania** | **Judgment Received for Plaintiff** |
| **Discover Bank, Plaintiff vs. Madhuri Pandya, Defendant Case No.: MJ-19307-CV-0000461-2011** | **Civil - Collection** | **Commonwealth of Pennsylvania, County of York** | **Judgment Received for Plaintiff** |
| **Discover Bank, Plaintiff vs Upen A. Pandya, Defendant Case No.: MJ-19306-CV-0000069-2012** | **Civil - Collection** | **Commonwealth of Pennsylvania, County of York** | **Judgment Received for Plaintiff** |

None ☑   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **DeArmond & Associates Of York, LLC**<br>**11 East Market Street, Suite 300**<br>**York, PA 17401** | **01/24/12** | **1,525.00** |
| **Consumer Bankruptcy Counseling**<br>**1900 M Street, NW, Suite 500**<br>**Washington, DC 20036** | **03/06/12** | **10.00** |

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Members First**<br>**PO Box 40**<br>**5000 Louise Drive** | **IRA Account #4959** | **$700.00 - 12/11** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Jefferson Motel** | **XXX-XX-4713** | **6408 Lincoln Highway West Thomasville, PA 17364** | **Motel** | **07/02 - Present** |

None ☑   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☑   a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None ☑   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☑   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑   d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of the case by the debtor.

**20. Inventories**

None ☑   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**21. Current Partners, Officers, Directors and Shareholders**

None ☑   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☑   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

**22. Former partners, officers, directors and shareholders**

None ☑   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None ☑   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

**24. Tax Consolidation Group**

None ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

**25. Pension Funds.**

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **May 9, 2012**    Signature */s/ Upen A. Pandya*
of Debtor    **Upen A. Pandya**

Date: **May 9, 2012**    Signature */s/ Madhuri U. Pandya*
of Joint Debtor    **Madhuri U. Pandya**
(if any)

_____ **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
## Middle District of Pennsylvania

IN RE:                                      Case No. _____

**Pandya, Upen A. & Pandya, Madhuri U.**           Chapter **13** _____

                   Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.

Date: **May 9, 2012**          Signature: ***/s/ Upen A. Pandya***

                                     **Upen A. Pandya**                        Debtor

Date: **May 9, 2012**          Signature: ***/s/ Madhuri U. Pandya***

                                     **Madhuri U. Pandya**              Joint Debtor, if any

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Pandya, Upen A.
475 Lakeview Drive
Spring Grove, PA  17362

Bank Of America
C/O FIA Card Services
PO Box 982238
El Paso, TX  79998

FedLoan Servicing
PO Box 69184
Harrisburg, PA  17106

Pandya, Madhuri U.
475 Lakeview Drive
Spring Grove, PA  17362

CACH, LLC
4340 South Monaco, Second Floor
Denver, CO  80237

Home Depot
PO Box 653054
Dallas, TX  75265

DeArmond & Associates
11 East Market Street, Suite 300
York, PA  17401

Capital One
PO Box 30281
Salt Lake City, UT  84130

James Giuffrida
6408 Lincoln Highway West, Room 6
Thomasville, PA  17364

ACS/UBS Real Estate Secu
501 Bleeker Street
Utica, NY  13501

Capital One
PO Box 30273
Salt Lake City, UT  84130

Jefferson Motel
6408 Lincoln Highway West
Thomasville, PA  17364

Adams County National Bank
PO Box 3129
Gettysburg, PA  17325

Chase
PO Box 15298
Wilmington, DE  19850

John Weiss
6408 Lincoln Highway West, Room 4
Thomasville, PA  17364

AES Loan
PO Box 2461
Harrisburg, PA  17105

CitiBank
PO Box 18337
Columbus, OH  43218

Kohl's
PO Box 2983
Milwaukee, WI  53201

Anne Wagner
6408 Lincoln Highway West, Room 7
Thomasville, PA  17364

Connie Calderon
6408 Lincoln Highway West, Room 5
Thomasville, PA  17364

Law Office of Joe Pezzuto, LLC
4013 East Broadway, Suite A2
Phoenix, AZ  85040

Associated Recovery System
PO Box 1259 - Dept. 5996
Oaks, PA  19456

Credit Bureau Of York, Inc.
33 S. Duke Street
York, PA  17401

Lowes
PO Box 530914
Atlanta, GA  30353

Bank Of America
CA6-919-01-41
PO Box 5170
Simi Valley, CA  93062

Daniel Linebarier
6408 Lincoln Highway West, Room 1
Thomasville, PA  17364

Members First
PO Box 40
5000 Louise Drive
Mechanicsburg, PA  17055

Bank Of America
PO Box 5170
Simi Valley, CA  93062

Discover
PO Box 15316
Wilmington, DE  19850

NCO Financial Systems, Inc.
507 Prudential Road
Horsham, PA  19044

**Northland Group, Inc.**
**PO Box 390905**
**Minneapolis, MN  55439**

**Traci Faux**
**6408 Lincoln Highway West, Room 3**
**Thomasville, PA  17364**

**Professional Recovery Services Inc.**
**PO Box 1880**
**Voorhees, NJ  08043**

**United Recovery Systems, LP**
**PO Box 722929**
**Houston, TX  77272**

**PSECU**
**PO Box 67013**
**Harrisburg, PA  17106**

**Verizon**
**PO Box 5000**
**Silver Spring, MD  20914**

**Purva U. Pandya**
**475 Lakeview Drive**
**Spring Grove, PA  17362**

**Waste Management**
**Receivable Management Services**
**PO Box 509 - 4836 Brecksville Road**
**Richfield, OH  44286**

**Receivable Management Service**
**1000 Circle - 75 Parkway, Suite 400**
**Atlanta, GA  30339**

**Weltman, Weinberg & Reis**
**325 Chestnut Street, Suite 501**
**Philadelphia, PA  19106**

**Robert Traettino**
**6408 Lincoln Highway West, Room 8**
**Thomasville, PA  17364**

**Scott Lowery Law Office, P.C.**
**1422 E. 71st Street, Suite B**
**Tulsa, OK  74136**

**Smith's Septic Service**
**1234 Baltimore Street**
**Hanover, PA  17331**

**The Law Office Of Edwin Abrahamsen**
**120 North Keyser Avenue**
**Scranton, PA  18504**

**Theresia Moody**
**6408 Lincoln Highway West, Room 2**
**Thomasville, PA  17364**